**FORMS, INC.**

v.

**AMERICAN STANDARD, INC.**

**Civ. A. No. 81–4933.**

United States District Court, E.D. Pennsylvania.

Nov. 4, 1982.

J.D. Barsky, Sharlyn Cohen, Philadelphia, Pa., for plaintiff.

Steven Friedman, Daniel Ryan, III, Philadelphia, Pa., for defendant.

MEMORANDUM

NEWCOMER, District Judge.

This is a contract action over which the Court has diversity jurisdiction. The Court has before it cross-motions for summary judgment on American Standard's counterclaim against Forms.

The contract in question concerns the sale of an unincorporated division of American Standard to Forms. Under the agreement the purchase price was to be adjusted after the closing date of the contract. This adjustment resulted from the fact that the sale of the division was effective on December 31, 1979 but the actual operation of the division was not to be taken over by Forms until March 12, 1980. American Standard, therefore, was to operate the division on Forms' behalf between these two dates. The price adjustment provided for in the agreement basically insured that Forms would be reimbursed by American Standard for the amount by which the income of the division exceeded its expenses during the period January 1, 1980 through March 12,

1980; and that American Standard was to be reimbursed by Forms for the amount by which expenses incurred exceeded income.

American Standard has submitted with its motion the affidavit of Henry J. Wohlfort, who is the Vice-President for finance of another division of American Standard. In his affidavit he states that he has calculated the Post-Closing Adjustment and has determined that it should result in the reimbursement of $40,831.08 to American Standard.

Forms, in its cross-motion, argues that this Court has no jurisdiction over American Standard's counterclaim because the contract calls for arbitration of any dispute as to the amount of the Post-Closing Adjustment. American Standard replies that Forms has waived any defense of arbitration by failing to raise the defense in its answer to American Standard's counterclaim. *See* F.R.Civ.P. 8(c). American Standard further asserts that it is entitled to summary judgment because Forms has raised no specific facts to contradict Mr. Wohlfort's affidavit. *See* F.R.Civ.P. 56(e).

■ Forms' contention that this Court has been divested of jurisdiction over American Standard's counterclaim is incorrect. The jurisdiction of this Court is established under 28 U.S.C. § 1332(a) as a result of the amount in controversy and the diversity of the parties. An agreement between the parties to arbitrate disputes arising out of a contract does not impair that jurisdiction. *See John Ashe Associates, Inc. v. Envirogenics, Inc.,* 425 F.Supp. 238, 240 (E.D.Pa. 1977).

■ American Standard also misses the point when it asserts that Forms has waived its right to arbitration by failing to raise this defense in its answer. Rule 8(c), requires that a party plead the defense of "arbitration and award" in his answer to a pleading. The defense presented by Forms, however, is not that there has already been arbitration and an award, but rather that

Forms is entitled to such arbitration to determine the amount of the Post-Closing Adjustment. *See Demsey & Associates v. S.S. Sea Star,* 461 F.2d 1009, 1017 (2d Cir.1972). The issue, therefore, is not whether Forms has waived its right to assert an affirmative defense pursuant to Rule 8(c), but whether it has waived any right to arbitration that existed under the terms of the contract.

Under both federal and Pennsylvania law [1] arbitration is favored and waiver is "not to be lightly inferred." *Gavlik Const. Co. v. H.F. Campbell Co.,* 526 F.2d 777, 783 (3rd Cir.1975), quoting *Carcich v. Rederi A/B Nordie,* 389 F.2d 692, 696 (2d Cir.1968). In *Gavlik* the Court of Appeals stated that the presence or absence of prejudice was determinative of whether a contractual right to arbitration has been waived. American Standard has not alleged any such prejudice in its motion and has not, therefore, established that Forms has waived any rights it may have to submit this dispute to arbitration.

Paragraph 4(d) of the agreement provides that:

> Within sixty (60) days after the Closing Date, the purchase price specified in subparagraph (a) of this Paragraph 4 shall be adjusted upward or downward (the "Post-Closing Adjustment") to reflect the adjustments provided in Paragraph 8(a) hereof, which shall be determined by Coopers and Lybrand, independent certified public accountants for Buyer, and reviewed by Arthur Young & Company, independent certified public accountants for Seller. For purposes of such determination, Coopers and Lybrand shall have access to and the right to inspect all Forms records located at Forms' Willow Grove, Pennsylvania offices (which will include all such records there located on the Effective Date and at all times thereafter through the Closing Date), and Seller will furnish Coopers and Lybrand with a schedule listing all of Seller's transactions with and for the account of Forms,

---

1. If the contract in question involves interstate commerce it falls within the scope of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* If not it

is governed by the law of Pennsylvania. I do not decide which law applies because the result will be the same in either case.

from the Effective Date through the Closing Date, together with appropriate supporting documentation. In the event of any dispute by said accountants as to such determination, the disputed item or items shall be referred to a third firm of independent certified public accountants, chosen by Coopers and Lybrand and by Arthur Young & Company, and the determination of such third firm shall be binding on Buyer and Seller. Within five (5) days after such determination shall be completed, Buyer shall pay to Seller the net amount so determined to be owing by Seller or Seller shall pay Buyer the net amount so determined to be owing by Seller to Buyer.

The parties have clearly agreed, therefore, to submit American Standard's cause of action to binding arbitration.

I will order that the parties proceed to arbitration. *See John Ashe Associates, Inc. v. Envirogenics, Inc.,* 425 F.Supp. 238 (E.D. Pa.1977). Both motions for summary judgment will be denied. The action will be dismissed without prejudice.