**Mazal Nissim BENADO**

v.

**BUCKEYE UNION INSURANCE COMPANY.**

Civ. A. 86–1345.

United States District Court,
W.D. Pennsylvania.

Aug. 17, 1987.

Kenneth J. Yablonski, Washington, Pa., for plaintiff.

Robert G. Simasek, Pittsburgh, Pa., for defendant.

OPINION

GERALD J. WEBER, District Judge.

This is an action alleging a breach of an automobile insurance contract in which plaintiff seeks declaratory relief, punitive damages, costs and fees, based on the uninsured motor vehicle clause. Plaintiff's complaint alleges subject matter jurisdiction based on diversity of citizenship. At all time relevant to this action, plaintiff was a resident of Pennsylvania. Defendant is an Ohio corporation doing business in Pennsylvania. The amount in controversy exceeds $10,000. Defendant has filed a motion to dismiss along with supporting evidentiary matter and brief, in which it is argued that an arbitration clause in the contract precludes this court from having jurisdiction over the dispute, and that it has demanded arbitration.

■ Defendant's contention that the court lacks jurisdiction due to the arbitration clause is incorrect. "An agreement between the parties to a contract to submit disputes to arbitration does not impair the constitutionally derived jurisdiction of a federal court. The arbitration agreement limits the scope of the court's review, not its jurisdiction." *John Ashe Associates Inc. v. Envirogenics Co.*, 425 F.Supp. 238, 241 n. 3 (E.D.Pa.1977). *See also Forms, Inc. v. American Standard Inc.*, 550 F.Supp. 556, 557 (E.D.Pa.1982). Since evidentiary materials have been submitted, however, the motion to dismiss will be treated as a motion for summary judgment under F.R.Civ.P. 56. See F.R.Civ.P. 12(b).

■ The insurance contract at issue herein contained the following arbitration agreement:

**ARBITRATION**

a. If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days,

either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

Pursuant to this agreement, the defendant made a demand that the plaintiffs claim be submitted to arbitration. The dispute herein is clearly within the terms of the arbitration agreement which unequivocally provides that upon demand of either party, such disputes will be submitted to arbitration. As this Court is bound to respect and enforce the contractual obligations of the parties, the motion for summary judgment is granted and the parties must resort to arbitration. *Forms, Inc. v. American Standard, Inc.*, 550 F.Supp. at 558.

An appropriate order will be filed.