ELBRIDGE BOYDEN *vs.* HANNAH LAMB.

Worcester.    October 2, 1890. — October 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Arbitration — Submission by Attorney — Trial by Jury.*

A party to a submission to arbitration under the Pub. Sts. c. 188, purporting to be made by him by his attorney, is entitled, if the award is adverse, to a trial by jury upon the question of the attorney's authority, and is not deprived of that right because his motion therefor includes other issues, upon which he is not entitled to a jury trial.

A party entering personally or by his authorized attorney into a submission to arbitration, under the Pub. Sts. c. 188, waives his right to a trial by jury; and all questions of fact involved therein as to whether the award is to be accepted, rejected, or recommitted, are to be decided by the court to which it is duly returned.

MOTION to the Superior Court for the acceptance of the award of arbitrators under the Pub. Sts. c. 188. Hearing before *Blodg-ett,* J., who allowed a bill of exceptions, in substance as follows.

The submission, which recited " that Hannah Lamb and Elbridge Boyden, both of Worcester in the county of Worcester, hereby agree to submit all demands between them to the determination of " three arbitrators, was signed by Boyden and by " J. C. Field, Atty." The certificate of acknowledgment before a justice of the peace appended to the submission recited that " the abovenamed Elbridge Boyden and said Hannah Lamb, by her attorney, J. C. Field, appeared and acknowledged the above instrument by them signed to be their free act and deed."

The award, signed by the arbitrators, was as follows: " In the matter of reference for arbitration signed by Elbridge Boyden and J. C. Field, Atty. for Hannah Lamb, and dated on the seventh day of October, 1889, the arbitrators therein agreed upon hereby certify that, after giving due notice of the time and place appointed for a hearing to said parties, they met them on Monday the seventh day of October and on Monday the fourteenth day of October, 1889, heard their testimony and that of their witnesses, examined their vouchers and accounts, and they report and award as follows: that there is due from said Hannah Lamb ·

to said Elbridge Boyden the sum of $1,150.51 as balance above all payments made or credits given."

Afterwards the defendant filed the following objections to the confirmation of the award: "1. The submission under which said award has been rendered is not her act, and was signed, if at all, by said Field without any authority from said Hannah Lamb. 2. Said submission does not purport to be the act or agreement of said Hannah Lamb. 3. That said Hannah Lamb received no notice of any time or place of meeting to be held by the said persons purporting to act as arbitrators in said matter, and had no knowledge of said submission until after the alleged award was made. 4. Said award is wholly insufficient in form and substance to bind said Hannah Lamb. 5. There is no mutuality in said award, there being no provision therein that said Boyden should do any act whatever, or in any way release and discharge said Hannah Lamb. 6. It does not appear by said award on what account, or for what cause, the said award of $1,150.51 is due said Boyden. 7. That said award is invalid because said arbitrators have undertaken to determine their fees and expenses as a part of their award. 8. That the award is invalid because said Fuller, acting as one of said arbitrators, was not a disinterested person. 9. That said arbitrators were misled and mistaken as to the demands, if any, intended to be submitted to them for arbitration, there being no question nor dispute as to the percentage payable to said Boyden upon the cost of the construction of said building, and yet said arbitrators, in making up their award and in finding said balance due to said Boyden, have allowed to said Boyden a larger percentage upon said cost of construction than was understood and agreed at the time of the alleged submission to said arbitrators."

On the same day, the defendant filed a motion for a trial by jury upon the matters of fact raised upon her objections to the acceptance and confirmation of the award; which motion was denied.

The defendant contended that the award was not binding upon her for the reasons set forth in the objections above referred to. The judge ordered the award to be accepted and confirmed; and the defendant alleged exceptions.

*F. P. Goulding*, for the defendant.

*J. R. Thayer & A. P. Rugg*, for the plaintiff.

DEVENS, J.   The statute provides for the decision of certain controversies by a submission to arbitration, to be entered into and acknowledged before a justice of the peace. Pub. Sts. c. 188.   It is intended thus to afford a more expeditious and satisfactory way for the adjustment of contested demands, by tribunals of their own choosing, than was afforded by an agreement for arbitration at common law, on which the remedy must be sought by action on the agreement or on the bond given to perform this award.   Upon the return into court of the award made upon such submission, the court has cognizance " of the award in the same manner, and may proceed thereon, as if it had been made by referees appointed by a rule of court, and may accept or reject it, or recommit it to the same arbitrators for a rehearing." Pub. Sts. c. 188, § 10.   When accepted, judgment is rendered thereon as upon a like award rendered by referees.

The submission may be signed and acknowledged by an agent or attorney duly authorized, and the submission upon which the award in question was rendered was signed by J. C. Field as attorney, and was acknowledged, as appears by the certificate, by " Hannah Lamb, by her attorney, J. C. Field."   While in his signature Field does not describe himself as attorney for Hannah Lamb, but attorney only, yet as her name is mentioned in the instrument, and also as the acknowledgment is an essential part of the submission, the entire instrument shows sufficiently that it purports to be the act of the defendant.   The authority of the agent need not be shown upon the face of the instrument, and the submission and its acknowledgment are in form sufficient to bind the principal.   *Wright* v. *Raddin*, 100 Mass. 310.

That the right of the court to accept or reject or recommit an award depends upon the question whether a party has actually entered upon the submission by virtue of which it has been rendered, and that this inquiry underlies everything done by the arbitrators, will not be controverted.   In the case at bar, the defendant denied that she had ever signed or acknowledged the submission, or that Field, who assumed to act as her attorney, ever had any authority to sign or acknowledge such a submission.   There was thus presented an issue of fact necessary to be determined before the character of the award could be considered.   The defendant moved for a jury to be impan-

elled to determine this and several other issues of fact which she presented by her motion. Even if she included several other issues not necessary nor proper to be thus submitted, (and we are of opinion that she did,) and did not separate them, but moved for a jury upon all, yet this should not deprive her of her right to have this inquiry thus divided, either in the form proposed by her or in some appropriate form, if otherwise she was entitled thereto. The defendant's motion was disallowed, and the court without the aid of a jury passed upon the question involved, and by its order accepting the award necessarily held as a fact that Field was the attorney of the defendant, duly authorized to make the agreement of submission.

A party by submitting to an arbitration waives his right to a trial by jury as to the matters in controversy, and cannot have the decision of the arbitrators reviewed and revised when they have lawfully proceeded to decide and pass upon them. This would be to defeat the very object of the statute. But when there is an inquiry whether he has ever assented to an agreement for a submission, — as where he contends that the alleged signature of his name is a forgery, or that the person assuming to act as his agent or attorney had no authority thus to act, — it by no means follows that this pure question of fact can be determined by the court without affording him an opportunity, if he so desires, of having it passed upon by a jury. Arbitration is a substitution, by consent of parties, of another tribunal for those provided by the ordinary processes of law ; but that such a substitution should be established, the consent of parties thereto should be proved in the usual way. According to the analogies, on this inquiry which is to determine whether a party is within the provisions of the statute as to arbitration, he is entitled to a trial by jury. If an action were brought upon a common law agreement *in pais* for arbitration, or upon a bond given to stand to and perform an award rendered upon such a submission, it would be necessary to prove to the satisfaction of a jury that the defendant had entered into the contract or signed the bond sued on. It would be a contract to be proved like any other contract. *Berney* v. *Read*, 7 A. & E. 79. In a suit at common law, where there is a plea in abatement which raises a question of fact not determinable by the record, — as that the plaintiff is

under a disability to sue, or is dead, or that the suit was commenced without authority, — this question, although, if it is decided against him, the defendant may be unable to place any other issue of fact, (Pub. Sts. c. 167, § 40,) is to be passed upon by a jury. Where a fact relating to a process is drawn in question, which, according to the forms of proceeding, cannot appear on inspection of the record, it is to be determined by the jury. *Parks* v. *Hall*, 2 Pick. 206. There are, without doubt, many questions of fact which, in the course of a trial, are to be passed upon by a court; but these are purely preliminary in their character, while the question we are considering is fundamental. Unless it can be held that the defendant united in the submission, the Superior Court could have no jurisdiction to determine whether the award should be accepted or rejected. If a similar jurisdictional fact were put in issue in any proceeding according to the course of the common law, it would seem clear that it must be determined by a jury, if this was desired by either party. Nothing appears from the peculiar character of this statutory proceeding as to arbitration showing that it was intended to deprive a party of this important right, when he denies that he has ever entered upon the submission by any authorized signature to the agreement. The statute in all its provisions proceeds upon the theory that he has made such submission. The right to a trial by jury under the Constitution of the Commonwealth exists " in all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised." Declaration of Rights, Art. XV. It has not been shown to us, and we have no reason to suppose, that any usage or practice existed previous to the adoption of the Constitution by which courts were accustomed to dispose of a question such as that in the case at bar without the intervention of a jury. If pleadings, according to the practice of courts of common law or of equity, are not contemplated in this statutory proceeding, there is no difficulty in framing an issue upon the defendant's objection to the acceptance of the award, for the alleged cause, in answer to the plaintiff's motion. Where a case is referred under a rule of court, the parties are before the court, and the rule is a judicial proceeding which, when finally made, cannot afterwards be controverted, but when the foundation of

the jurisdiction is an alleged contract *in pais*, a party sought to be affected thereby should be allowed to contest it in the usual way.

Without discussing the other questions of fact which the defendant desired to have passed upon by a jury, we find none as to which she could rightfully make such request, nor do we find any other exception to the ruling of the Superior Court which can be sustained. If it shall be determined by a jury that the defendant had entered upon the agreement for submission by herself, or by her authorized attorney, according to the form of the statute, she had necessarily consented to be bound by the decision of the tribunal to which she had voluntarily submitted; and, further, all questions of fact involved in the inquiry whether the award should be accepted, rejected, or recommitted should be decided by the court to which it was to be returned for the purpose of there being made the foundation of a judgment.                              *Exceptions sustained.*