45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Walter E. MAHER, Plaintiff-Appellant,
v.
Associated Milk Producers, Inc., a corporation Defendant-Appellee.
 No. 94-5035.
 United States Court of Appeals,
 Tenth Circuit.
 Jan. 30, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and KELLY, Circuit Judges, and KANE, District Judge.[2]
 
 
 2
 Petitioner-appellant Walter E. Maher appeals from the district court's grant of summary judgment in favor of Defendant-appellee Associated Milk Producers, Inc. (AMPI). The district court concluded that AMPI had not breached its two milk haulage agreements with Mr. Maher, and that Mr. Maher had failed to make a colorable showing of intentional infliction of emotional distress. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 Background
 
 3
 In 1985, AMPI, an agricultural cooperative, contracted with Mr. Maher to transport milk produced by Oklahoma member dairies. This agreement, governed by Oklahoma law, provided in relevant part:
 
 
 4
 Carrier shall transport, daily, Sundays and holidays included, such amounts of milk as may be tendered to him from day to day from the designated procurement area and shall deliver such milk to such plant or plants as AMPI shall determine.
 
 
 5
 Aplt.App. at 99-100.
 
 
 6
 In 1991, Mr. Maher entered into a new carrier contract with AMPI. This new agreement addressed haulage amounts in language remarkably similar to the 1985 clause that it replaced. The 1991 provision read:
 
 
 7
 Daily Hauling. Carrier shall transport daily, including Sundays and holidays, all milk and/or milk products tendered to or made available for transport by AMPI and deliver said milk and/or milk products to such plant(s) or location(s), as AMPI may, from time to time, designate.
 
 
 8
 Aplt.App. at 103. In contrast to the 1985 contract, the 1991 agreement was to be governed, construed, and enforced in accordance with Texas, not Oklahoma, law.
 
 
 9
 From Mr. Maher's perspective, this contractual relationship with AMPI did not turn out to be profitable. Mr. Maher served notice and terminated his relationship with AMPI in December 1992. AMPI then sent a notice to him terminating the contract.
 
 
 10
 In January 1993, Mr. Maher sued AMPI in Oklahoma state court. Pursuant to 28 U.S.C. 1446(b), AMPI removed the action to federal district court, which subsequently granted AMPI's motion for summary judgment.
 
 Discussion
 
 11
 Mr. Maher appeals from the district court's grant of summary judgment in favor of AMPI. We review de novo, applying the same legal standard employed by the district court in evaluating the summary judgment motion, namely Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56(e)). "Thus, when a movant claims that there is no genuine issue for trial because a material fact is undisputed, the nonmovant must do more than refer to allegations of counsel contained in a brief to withstand summary judgment. Rather, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992) (citations omitted). We would also note that it is of no avail to cite to the record unless the record supports the proposition for which it is cited.
 
 
 12
 Initially we must address the question of whether the parties' choice of different forums to govern their two contracts affects our analysis. It does not. Our jurisdiction has been invoked pursuant to the diversity status of the parties, and therefore we apply the substantive law of the forum state, including its choice of law provisions. Devery Implement Co. v. J.I. Case Co., 944 F.2d 724, 727 (10th Cir.1991). Oklahoma choice of law rules thus determine which state's substantive law shall govern the two contracts between Maher and AMPI.
 
 
 13
 Applying these rules and deciding which state's law should govern is a task simpler than it might appear at first glance. Neither of the parties dispute that the 1985 agreement is governed by Oklahoma law. As for the 1991 contract, it contains a choice of law provision specifying Texas as the governing forum. Oklahoma has adopted the analysis set forth in Restatement (Second) of Conflict of Laws 187 for determining the enforceability of such a clause under Oklahoma law. See Dean Witter Reynolds, Inc. v. Shear, 796 P.2d 296, 298-99 (Okla.1990). Section 187 enunciates a complex, multitiered approach for evaluating which state law should govern.
 
 
 14
 However, we need not engage in such an analysis. Correctly perceiving the contours of Oklahoma's good faith doctrine to be more generous than those of Texas, Mr. Maher argues that Oklahoma law should govern the 1991 contract. Assuming, arguendo, Oklahoma law applies on this issue, we discern no breach. Therefore, even under Oklahoma's more generous good faith doctrine, Mr. Maher has failed to present specific facts indicating that there exists a genuine issue for trial such that AMPI is not entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 
 15
 The district court reasoned that AMPI could not have breached the implied covenant of good faith, because implying such a covenant into the Maher-AMPI contracts would serve to vary the terms of an unambiguous contract, and thus violate Oklahoma's parol evidence rule. While agreeing with the district court's ultimate conclusion that summary judgment was appropriate, we disagree with its analysis.
 
 
 16
 It is correct that under Oklahoma law, when a contract is unambiguous and complete in itself, its language is the only legitimate evidence of what the parties intended, and that the intent of the parties may not be determined from surrounding circumstances, but rather must be gathered from a four-corners' examination of the contract in question. Mercury Inv. Co. v. F.W. Woolworth Co., 706 P.2d 523, 529 (Okla.1985). However, the district court erred by interpreting this rule, designed to prevent disingenuous reformation of specific contractual provisions by limiting the scope of judicial inquiry into party intent, as excluding the implied covenant of good faith and fair dealing. Under Oklahoma law, this implied covenant is automatically present in every contract, regardless of what the parties may have intended. See Devery Implement Co., 944 F.2d at 728. We therefore reject the district court's conclusion that there is no room for an implied covenant of good faith and fair dealing in an unambiguous contract.
 
 
 17
 Mr. Maher's problem, therefore, lies not in the absence of any such covenant, but rather in his failure to present sufficient evidence of its breach. Under Oklahoma law, the covenant of good faith requires that a party not wrongfully deprive the other party of the fruits of the contract. Hall v. Farmers Ins. Exchange, 713 P.2d 1027, 1030 (Okla.1985) (quoting Wright v. Fidelity & Deposit Co. of Md., 54 P.2d 1084, 1087 (1936)). The two Maher-AMPI contracts clearly state that Mr. Maher was to transport milk, the amount of which was to be determined by AMPI. Mr. Maher has failed to come forward with any evidence to show that AMPI wrongfully sought to limit the amount of milk hauled or to deprive him of milk routes, the "fruits" of the written contracts between himself and AMPI. Although he claims that (1) he received less milk than other haulers, (2) he earned less than other haulers, and (3) AMPI refused to give him additional routes despite its awareness of his financial difficulties, these claims do not constitute evidence of wrongful acts. The district court, therefore, was correct in concluding that Mr. Maher had failed to show any breach of contract, and that AMPI was entitled to summary judgment on this claim.
 
 
 18
 Summary judgment also was proper on Mr. Maher's claim of intentional infliction of emotional distress. Oklahoma has adopted Restatement (Second) of Torts 46. Eddy v. Brown, 715 P.2d 74, 76 (Okla.1986); Breeden v. League Services Corp., 575 P.2d 1374, 1376 (Okla.1978). Section 46 states in relevant part: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." The Oklahoma Supreme Court has explained just how high an obstacle this standard presents: "Conduct which, though unreasonable, is neither beyond all possible bounds of decency' in the setting in which it occurred, nor is one that can be regarded as utterly intolerable in a civilized community,' falls short of having actionable quality." Eddy, 715 P.2d at 77 (citations omitted). Upon a review of the record, we find it clear that Mr. Maher has failed to set forth facts sufficient to meet this standard. AMPI's conduct was neither beyond the bounds of decency nor regardable as intolerable in a civilized community.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The Honorable John L. Kane, Jr., Senior United States District Judge for the District of Colorado, sitting by designation