VINCE ALLEN & ASSOCIATES, INC.; Anoroco, Inc.; Ann Noble Brown; Carol M. Brown; David R. Brown; David R. Brown and and Edward C. Joullian, III, Trustees u/t/a Dated December 10, 1976; Harry L. Brown, Jr.; Carlson Petroleum Company; Clifford Resources, Inc.; Domestic Properties, Inc.; CRI 1979–1A Limited Partnership; James Barany; Cobb Oil and Gas Company; North Custer Limited Partnership; Doris Stuckenberg, Trustee of the Mary Dicey Trusts No. 2, No. 3 and No. 4; Energy Methods Corporation; Bennie T. Estes, Trustee of the Bennie T. Estes Trusts No. 1 and No. 2; Fatco, Inc.; GBK–1978, a limited partnership; Henderson Petroleum Corporation; William E. Huskins, Jr.; John Muir Kipp; WM. Marble Kipp, Trustee for the Jeb Trust; Kornfeld Petroleum Corporation; Elmer H. Lindquist; Joseph F. Messenbaugh, III; Noarko Resources, Inc.; E.E. Noble; the First National Bank & Trust Company of Tulsa, Trustee of the Lloyd Noble No. 1 Trust; Nicholas B. Noble; Sam Noble, Trustee of the Sam Noble Trust; Oehl, Inc.; Ogle Production Corporation; Robert L. Parker and Katherine Mae Parker, Trustees of the Robert L. Parker Trust; PPA Industries, Inc.; Quien Sabe Corporation; Jack Rich; Shiloh Oil Corporation; Howard J. Shipley; Richard A. Tickle; Robert Q. Tickle; Curtis J. Timm; J. Frederick Von Vranken, Jr.; F. Howard Walsh, Jr., and William Lloyd Walsh, Appellees,

v.

**DELHI GAS PIPELINE CORPORATION,**
Appellant.

No. 70137.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 15, 1989.

Rehearing Denied Sept. 19, 1989.

Certiorari Denied March 6, 1990.

James R. Waldo, Oklahoma City, for appellant.

Grey W. Satterfield, Oklahoma City, for appellees.

HANSEN, Presiding Judge:

Appellant, Defendant below (Delhi), seeks review of an order of the trial court granting partial summary judgment to Plaintiffs and awarding damages in the amount of $314,190.00, plus costs and attorney fees.

The following facts are dispositive of this case on review.

Plaintiffs own a 93.75% working interest in the Wilson No. 2–25 well, Section 25, Township 15 North, Range 16 West, Custer County, Oklahoma. This well was connected to a pipeline owned and operated by Delhi during a one year period from April, 1980, to April, 1981. Delhi purchased certain volumes of gas pursuant to a Gas Purchase Agreement (Agreement) dated April 19, 1980, for the sale of gas from the Wilson No. 2–25 Well.

The Agreement provided that the Buyer (Delhi) was required to pay the Seller (Plaintiffs) for all gas purchased, a price equal to the maximum lawful price per One Million British Thermal Units (MMBTU) for *new* natural gas pursuant to Section 102 of the Natural Gas Policy Act of 1978, 15 U.S.C. § 3301 et seq. (NGPA). This particular classification of gas is referred to in the oil and gas industry as "Section 102 gas" or for short "102 gas" and, was the *highest* priced gas during the period in question.

The Oklahoma Corporation Commission classified the Wilson No. 2–25 Well as a Section 102 well under the NGPA. That determination was sent to the Federal Energy Regulatory Commission where the order became final. Delhi, meanwhile, pending the Section 102 application, paid Plaintiffs for gas taken, a price based on another classification, which was lower in value, i.e., Section 103 gas. This lower price resulted in an underpayment to Plaintiffs in the amount of $259,194.00, the difference between the price of gas taken for Section 103 gas (new onshore production well) and, the price for Section 102 gas (new onshore reservoir well).

Plaintiffs made demand on Delhi to pay the monies due. A dispute arose and Plaintiffs filed this suit. The trial court granted Plaintiffs' motion for partial summary judgment as to liability and pursuant to a joint stipulation of facts submitted by both parties, awarded judgment in the amount of $314,190.00 to Plaintiffs. Delhi appeals this order.

■ Summary judgment is appropriate if there is no substantial controversy as to any material fact, and it appears that any party is entitled to judgment as a matter of law. *Sellers v. Oklahoma Publishing Company,* 687 P.2d 116 (Okla.1984). When summary judgment has been granted, the appellate court is required to examine the pleadings and evidentiary materials

and unless the record discloses controverted material facts or if uncontroverted facts fail to support legitimate inferences favoring the well-pled theory of the party against whom the judgment is granted, the judgment will not be disturbed. *Scott v. Thunderbird Industries*, 651 P.2d 1346 (Okla.1982).

In the case at bar, we have carefully reviewed the record and find the trial court fully complied with Rule 13(e) of the Rules for District Courts. We find no controverted facts and find it significant that *both* parties below moved for summary judgment.

Delhi asserts, as its first proposition of error, that it received no notice of the classification proceeding for the higher priced gas, and therefore, the trial court erred in not precluding Plaintiffs' recovery by their failure to give notice of Section 102 certification. However, Plaintiffs' application for a § 102 determination is part of the record. The attached Oklahoma Corporation Commission Order No. 213053 states that, "... notice has been given in all respects as required by law and by Commission rules; and, therefore, the Commission has jurisdiction of the parties, jurisdiction of the subject matter and jurisdiction to enter this Order".

On the face of the record of the Corporation Commission, Delhi is prohibited as a matter of law from asserting that it did not receive notice. Delhi's remedy, if any, was to appeal the Order and contend that the Corporation Commission's findings concerning notice were erroneous. Delhi did *not* appeal the Order and, therefore, the Order is final. Delhi is barred from asserting defective notice in the court below. Article 9, Section 20 of the Constitution of the State of Oklahoma and 52 O.S.1981 § 111 prohibit collateral attacks on Corporation Commission rules and orders. Section 111 provides "no collateral attack shall be allowed upon orders, rules and regulations of the Commission ..."

In *Carlisle Trust v. Cotton Petroleum Corp., and Oklahoma Corporation Commission*, 732 P.2d 438, 441 (Okla.1987), the Supreme Court stated that where a Corpo-ration Commission order is "facially invulnerable", i.e., shows on its face that all of those entitled to notice received it and that the Corporation Commission had jurisdiction in all other respects, a district court may not look behind it. The Court further stated: "[t]he district court's power to inquire into the validity of Commission orders is legally limited to *ascertaining from the inspection of the face of the proceedings* if the Corporation had jurisdiction to ... issue the specific order in question". (Emphasis added.) Here, the finding of the Commission was that the notice was given, and Delhi may not collaterally attack that finding.

Delhi contends in its second and third propositions of error that it should not be required to make retroactive payments of higher NGPA prices to Plaintiffs for the gas actually purchased because the Agreement is silent regarding this subject. This argument is without merit. Article V of the Agreement provides:

5.1 Subject to all terms, conditions and provisions of this Agreement, the price to be paid by Buyer to Seller for all gas delivered hereunder ... *shall be the maximum lawful price per MMBTU for new natural gas pursuant to Section 102 of the Natural Gas Policy Act of 1978 (NGPA) for the month in which first deliveries are made hereunder.*

The price to be paid by Buyer to Seller shall be adjusted monthly thereafter to a price equal to the maximum lawful price per MBTU for new natural gas, or if Seller's gas does not qualify therefor, for the lesser price classification of gas for which Seller's gas qualifies, Buyer's obligation to make such payments is conditioned upon Seller's compliance with the provisions of Subchapter H, Part 273, of the Federal Energy Regulatory Commission ("FERC") regulations; and *Seller agrees that it has filed, or promptly will file with the state or federal agency having authority to make determination pursuant to Section 503 of the NGPA* and Subchapter H, Part 274, of the FERC regulations, and before any deliveries are made hereunder, its peti-

tion for a determination that the gas to be purchased and sold hereunder qualifies for new natural gas. In the event that a final and nonappealable determination is made by a state or federal agency or court having jurisdiction that the gas covered hereby does not qulify as new natural gas or for the pricing therefore under said Section 102, then and in the event, the price per MMBTU to be paid by Buyer to Seller for said gas shall be the maximum lawful price per MMBTU for the month in which initial deliveries occurred hereunder for the lesser price classification of gas which said state or federal agency or court has finally determined is applicable to the gas sold hereunder; and, *upon such final determination, Seller agrees to refund to Buyer ... any amounts paid by Buyer and collected by Seller which are in excess of the amounts Seller would have received at the maximum lawful price per MMBTU for the lesser price classification of gas finally determined to be applicable to Seller's gas,* together with interest on such refund at the rate(s) prescribed by FERC, or any successor agency having jurisdiction in the premises, or by other lawful governmental action. (Emphasis added.)

 This contract was drafted by Delhi and specifically provides for a reimbursement to purchaser (Delhi) in the event of excess prices paid to seller (Plaintiffs). The fact that the Agreement is silent concerning an *underpayment* to Seller does not preclude recovery by retroactive collection. This Court must interpret a contract most strongly against the party causing the uncertainty. *Dooley v. Cordes,* 434 P.2d 289 (Okla.1967), 15 O.S.1961 § 170.

 Delhi asserts as its fourth proposition of error that Plaintiffs have waived and therefore are estopped from asserting their right to retroactive payment for the Section 102 gas sold to Delhi.

The case cited by Delhi, *Townsend v. Melody Home Manufacturing Co.,* 541 P.2d 1370 (Okla.App.1975) is inapposite to the case at bar. There a manufacturer of mobile homes agreed to pay a bonus to its dealerships based on high-volume purchases by the dealerships of trailers from the manufacturer. The manufacturer insisted on timely payment for the purchases within fifteen days after purchase. Payments were to be made through a specific credit company, chosen by the manufacturer, but the payments were delayed because of certain actions of the credit company. Those delays were not caused by the purchaser's dealership.

Under those circumstances, the court ruled that "a party to a contract may not prevent performance of a condition and then claim the benefit of such condition" and that where the conduct of a party to a contract prevents or dispenses performance by the adverse party, the party waives the right to require performance. *541 P.2d at 1375.*

Here, Plaintiffs have done nothing to prevent Delhi from performance of the Agreement. This proposition is also without merit.

Finally, we find the costs and attorney fees are appropriate and within the discretion of the trial court. Plaintiffs submitted detailed time records and the trial court correctly determined reasonable compensation. There was no abuse of discretion by the trial judge. *Burk v. Oklahoma City,* 598 P.2d 659 (Okla.1979).

We therefore hold that the trial court did not err in granting partial summary judgment and subsequent damages to Plaintiffs.

The order of the trial court is AFFIRMED.

BAILEY, C.J., concurs.

REYNOLDS, J., not participating.