NORTHLAND INSURANCE
COMPANY, Appellant,

v.

Billy G. KELLOGG d/b/a Kellogg
Insurance Agency, Appellee.

No. 84508.

Court of Appeals of Oklahoma.

May 23, 1995.

Brently C. Olsson, Huckaby, Fleming, Frailey, Chaffin, Cordell, Greenwood & Perryman, Oklahoma City, for appellant.

Ray E. Zschiesche, Phillips, McFall, McCaffrey, McVay & Murrah, Oklahoma City, for appellee.

*OPINION*

STUBBLEFIELD, Judge.

This is a permissable appeal from an interlocutory order in which the trial court overruled plaintiff's motion to compel arbitration. After a review of the record on appeal and applicable law, we affirm.

Plaintiff Northland Insurance Company initiated this action by filing its petition seeking damages from Defendant Billy G. Kellogg d/b/a Kellogg Insurance Agency, Northland's agent, for alleged negligence and breach of fiduciary duty. Northland requested a jury trial.

Defendant answered, and the cause proceeded through considerable discovery, opposing summary judgment motions and pretrial conference. However, approximately ten months after filing the lawsuit, Plaintiff, citing provisions of the agency contract, filed a motion to compel arbitration. Defendant resisted the motion, and the trial court in a well-delineated order found that Plaintiff had waived its right to arbitration. Plaintiff appeals.

■ Plaintiff's sole allegation of error is that the trial court erred in concluding that it had waived its right to arbitration. There is scant Oklahoma law on the subject. Howev-

er, in *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984), the Supreme Court ruled invalid a state law that limited the applicability of arbitration in a franchise contract, and, by that ruling, a body of substantive federal law was made applicable to both federal and state courts in construing and enforcing any contract that falls with the Federal Arbitration Act. *Id.;* 9 U.S.C. §§ 1–15 (1988).

■ Review of an order finding that a right to arbitration had been waived is a mixed question of fact and law. The review of whether the trial court applied the correct legal standards is a de novo review for correctness, *Frye v. Paine, Webber, Jackson & Curtis, Inc.,* 877 F.2d 396, 398 (5th Cir.1989), *cert. denied,* 494 U.S. 1016, 110 S.Ct. 1318, 108 L.Ed.2d 493 (1990), while the review of the trial court's determination of the existence of facts supporting waiver is deferential in nature. *Valero Refining, Inc. v. M/T Lauberhorn,* 813 F.2d 60, 65 (5th Cir.1987); *Ohio–Sealy Mattress Mfg. Co. v. Kaplan,* 712 F.2d 270, 273 (7th Cir.1983), *cert. denied,* 464 U.S. 1002, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983).

Under the Federal Arbitration Act and the Uniform Arbitration Act adopted by Oklahoma, 15 O.S.1991 §§ 801–818, there is a strong presumption in favor of provisions for arbitration. Thus, the court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), stated that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."

■ Although waiver of contractual arbitration provisions is not easily inferred, *Carcich v. Rederi A/B Nordie,* 389 F.2d 692, 696 (2d Cir.1968), it has been established that a party may waive, modify or abandon a contractual right to arbitration. *S & H Contractors v. A.J. Taft Coal Co., Inc.,* 906 F.2d 1507, 1514 (11th Cir.1990), *cert. denied,* 498 U.S. 1026, 111 S.Ct. 677, 112 L.Ed.2d 669 (1991); *Demsey & Associates v. Steamship Sea Star,* 461 F.2d 1009, 1017 (2d Cir.1972). The party asserting waiver has the burden of proof regarding that issue. *Page v. Moseley, Hall-*

*garten, Estabrook & Weeden, Inc.,* 806 F.2d 291, 293–94 (1st Cir.1986).

While no uniform test has been formulated for the determination of waiver, there is a six-factor test that essentially encompasses the various tests adopted in most jurisdictions. *Peterson v. Shearson/American Express, Inc.,* 849 F.2d 464, 467–68 (10th Cir. 1988); *Jones Motor Co. v. Chauffeurs, Teamsters and Helpers Local Union No. 633 of New Hampshire,* 671 F.2d 38, 44 (1st Cir. 1982), *cert. denied,* 459 U.S. 943, 103 S.Ct. 257, 74 L.Ed.2d 200 (1982). Those factors are: (1) whether a party has taken actions that are inconsistent with a right to arbitrate; (2) whether the issue of arbitration was raised only after there had been significant preparation for litigation; (3) whether the trial date is near or there has been a long delay in raising the issue of contractual arbitration rights; (4) whether the party invoking the arbitration right has filed pleadings in the litigation without seeking a stay of the proceedings; (5) whether the party seeking arbitration has engaged in discovery proceedings that are not available in arbitration or participated in other "important intervening steps;" and, (6) whether the opposing party has been prejudiced by the delay. *Peterson,* 849 F.2d at 467 (citing *Reid Burton Constr. Inc. v. Carpenters Dist. Council of Southern Colorado,* 614 F.2d 698, 702 (10th Cir.1980), *cert. denied,* 449 U.S. 824, 101 S.Ct. 85, 66 L.Ed.2d 27 (1980)). The prejudice must be the result of delay in asserting the right to arbitrate—not from prejudice or acts inherent in the arbitration process. *Rush v. Oppenheimer & Co.,* 779 F.2d 885, 890 (2d Cir.1985).

Our review of the record on appeal clearly reveals that Plaintiff significantly participated in the litigation. Indeed, Plaintiff *initiated* the litigation. Then, without seeking a stay of proceedings, Plaintiff subjected Defendant to discovery requests and then pursued judgment on the alleged merits by motion for summary judgment.

Clearly, filing a petition, which specifically requests a jury trial, and moving for summary judgment constitute actions inconsistent with the right to arbitrate. It is evident from the record that these actions, along

with discovery requests, required considerable effort by Defendant and Defendant's counsel. Thus, there is clear evidence that there had been significant preparation for litigation and that Plaintiff had participated in other "important intervening steps," *Peterson*, 849 F.2d at 467, prior to raising the issue of arbitration.

Although the trial date had not been set at the time Plaintiff raised the issue of arbitration rights, a date of determination had come and gone because Plaintiff sought summary judgment, which is a procedure designed to dispose of litigation by placing ultimate issues before the trial court for determination based upon undisputed issues of fact or dispositive questions of law. *See Vince Allen & Assoc. v. Delhi Gas Pipeline Corp.*, 788 P.2d 414 (Okla.Ct.App.1989); District Court Rule 13, 12 O.S.Supp.1994, ch. 2, app. Thus, Plaintiff had sought a judgment on the merits.

The trial court must examine the individual facts from which it "can recognize the tactics of delay or harassment that operate to prejudice the opposing party and to cause him expense, thereby justifying a finding of waiver." *Sweater Bee by Banff, Ltd. v. Manhattan Industries, Inc.*, 754 F.2d 457, 466 (2d Cir.1985), *cert. denied*, 474 U.S. 819, 106 S.Ct. 68, 88 L.Ed.2d 55 (1985). Herein, we find that the trial court specifically applied the correct legal standards, and that there is strong evidence supporting the underlying factual determinations supporting the finding of waiver.

Accordingly, the judgment of the trial court is AFFIRMED.

GOODMAN, P.J., and REIF, J. (sitting by designation), concur.