CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶34 While I join the Court’s opinion on issues two and three, I respectfully dissent from that opinion on issue one. I would reverse the District Court’s denial of Oasis’ motion to compel arbitration.
¶35 First, I disagree with the Court’s conclusion that Firestone’s compliance with the requirements for a demand for arbitration was waived by Oasis. The Court properly lists the specific requirements to execute a proper demand and then concedes that Firestone did not comply with those requirements. I agree and, on that basis, I conclude Oasis had no duty to respond to an improper demand for arbitration and, therefore, could not have waived its right to arbitration on that basis.
¶36 More importantly, I strenuously disagree with the Court’s conclusion that Oasis impliedly waived its right to compel arbitration under Holm-Sutherland and Downey. It is important to note at the outset that Firestone, as the party asserting a waiver of arbitration right by Oasis, is obligated to demonstrate the three Downey factors: 1) knowledge of the right to compel arbitration; 2) acts inconsistent with that right; and 3) prejudice to Firestone. See Holm-Sutherland, ¶ 20 (citation omitted). There is no question here that Oasis knew of its right to compel arbitration and that Firestone has demonstrated the first factor.
¶37 I submit, however, that Firestone fails to establish the second and third Downey factors in this case. With regard to acts by Oasis “inconsistent with the right to arbitrate the dispute” (Downey, 251 Mont. at 389, 825 P.2d at 559), the best the Court can come up with is Oasis’ failure to respond to Firestone’s purported demand for arbitration until August 11, 2000, an act the Court characterizes as Oasis’ “perceived indifference” to the request to arbitrate. In the first place, Oasis’ August 11 response-without regard to whether it had earlier responded-was clear that Oasis was asserting its right to arbitrate. Moreover, Oasis’ initial response to Firestone’s August 1 District Court complaint was a motion to compel arbitration. These are not acts inconsistent with Oasis’ right to arbitrate under either Holm-Sutherland or Downey.
¶38 In Holm-Sutherland, Holm-Sutherland included its right to arbitrate as an affirmative defense and then failed to consistently *479 press for that nonjudicial remedy. It also demanded a jury trial, filed a separate action arising out of the same contract and circumstances without raising the arbitration issue, and engaged in the litigation process for a lengthy period of time, “demanding arbitration again only shortly before trial.” Holm-Sutherland, ¶¶ 24, 26, 27. We properly concluded on those facts that the actions subsequent to initial assertion of the right to demand arbitration were inconsistent with that initial assertion of the right. Holm-Sutherland, ¶ 31. We have no such facts or acts before us here. Not a single action by Oasis was, or even reasonably could be construed as, an act inconsistent with its right to demand arbitration.
¶39 Moreover, in Downey, one of the defendants asserted the right to arbitrate as an affirmative defense, engaged in discovery seeking information about whether the plaintiffs were contesting the validity of the entire agreement or merely the arbitration clause, answered on the merits, and asserted a counterclaim. Downey, 251 Mont. at 390-91, 825 P.2d at 559-60. We held that these acts, “without more, [were] insufficient to constitute waiver.” Downey, 251 Mont. at 391, 825 P.2d at 560 (citations omitted). In the present case, Oasis asserted its right to arbitrate in its August 11 letter and in its initial response to Firestone’s District Court complaint. These acts are not, on their face or under Downey, inconsistent with Oasis’ right to arbitrate.
¶40 Finally, Firestone also fails to demonstrate the third Downey factor, namely, prejudice. I agree with the Court that we examine prejudice on a case by case basis. The Court concludes that Oasis’ failure to timely respond to Firestone’s “inquiry” left Firestone with “no alternative” to filing a District Court complaint, which subjected her to unnecessary delay and caused her to incur court costs and fees. In the Court’s view, this is sufficient for Firestone to demonstrate prejudice. The Court cites to no authority for its conclusion and certainly nothing in Holm-Sutherland or Downey supports it.
¶41 In Holm-Sutherland, we concluded that prejudice had been established by the Town of Shelby through Holm-Sutherland’s initial acquiescence in the granting of an injunction prohibiting arbitration, filing of a complaint demanding a jury trial, active pursuit of litigation for some 20 months after a prior case on which it relied had been overruled, and by the Town’s time and money spent in actual trial preparation and discovery. Holm-Sutherland, ¶ 33. We buttressed our conclusion by discussing cases finding prejudice where acts inconsistent with a right to arbitrate continued for two years while litigation avenues were pursued (Van Ness Townhouses v. Mar *480 Industries Corp. (9th Cir. 1988), 862 F.2d 754, 759); where the party ultimately asserting a right to arbitration waited 10 months to do so, requested a jury trial, and moved for summary judgment (Northland Ins. Co. v. Kellogg (Okla. App. 1995), 897 P.2d 1161); where there was an eight-month delay in asserting the right to arbitrate, together with the taking of five depositions (S &H Contractors, Inc. v. A.J. Taft Coal Co., Inc. (11th Cir. 1990), 906 F.2d 1507, 1514); and where the party asserting the right to arbitrate engaged in robust pretrial litigation, attended chamber conferences, twice participated in changing the trial date and engaged in discovery (McDonnell v. Dean Witter Reynolds, Inc. (D.Conn. 1985), 620 F.Supp. 152, 159). Holm-Sutherland, ¶ 32. None of those facts is before us here.
¶42 In the present case, Firestone left Oasis’ employ on May 8, 2000. She and Oasis tried to work out a resolution for a time, the purported demand letter was sent and Oasis responded on August 11, 2000. On August 1, 2000, Firestone filed her District Court complaint and, on August 25, 2000, Oasis moved to compel arbitration. In other words, Oasis’ letter response indicating it would proceed to arbitration followed the termination of Firestone’s employment by only three months and the entire lapse of time between that termination of employment and Oasis’ motion to compel-which was preceded by no other litigation-related actions by Oasis-was approximately three and one-half months. Indeed, Firestone could have shortened the total time lapse and presumably saved time and money by filing her complaint in the proper court in the first instance, rather than in the federal court which lacked jurisdiction. In my view, Firestone has totally failed to establish the prejudice which is part of her “heavy burden of proof’ in establishing Oasis’ waiver of its right to arbitrate. See Downey, 251 Mont. at 389, 825 P.2d at 559 (citation omitted).
¶43 I would reverse the District Court’s denial of Oasis’ motion to compel arbitration on the basis that Firestone has failed to meet her burden under Downey. To do otherwise is to ignore both the party’s employment contract and our cases. I dissent.
JUSTICE LEAPHART joins in the foregoing concurring and dissenting opinion.