Aron Steuer, J.
Plaintiff sues a stock brokerage firm and one of its employees, the customer’s man who handled her account. The firm has already moved to compel plaintiff to proceed to arbitration in accordance with a written agreement and that motion has been granted. The individual defendant attempted to be included in the adjudication but the Justice hearing the motion determined that the application was not made on his behalf. The application is now so made and in addition the moving party requests that in the event the application is denied the trial of the action as against him be stayed until completion and determination of the arbitration.
The second request, although opposed, is no longer a subject of argument. (Bartley Bros. Constr. Corp. v. National Sur. Corp., 280 App. Div. 798.) But just what effect the decision of the arbitrators is to have on the suit involving the person not a party to the agreement to arbitrate has been left open, though the plaintiff’s right to continue the action against him has been *647 at least questioned. (Flash v. Goldman, 278 App. Div. 829.) Perhaps the answer is to be found in the disposition of the remaining branch of the motion.
The complaint is in the form of three causes of action although in fact there is only one. The burden of it is that plaintiff had an account with defendants, that they assumed responsibility for advising her as to investments and that they negligently or purposely gave her bad advice and further refused to correct the situation on her request. All of the wrongs are alleged to have been committed by the “ defendants ”. As it affirmatively appears that plaintiff knew she was dealing with the firm as far as her complaint sounds in contract she has no cause of action against the individual defendant who was merely an agent. Insofar as the complaint may sound in tort, if it does, the defendants are joint tort-feasors. Any action in regard to the one inures to the benefit of the other. Hence it has been held that despite jurisdictional technicalities a suit against both should be entertained in the forum to which one has a right to resort. (Norwalk v. Air-Way Elec. Appliance Corp., 87 F. 2d 317.) Plaintiff has not been able to resist arbitration as the forum in the suit against the firm. Separate forums may result in varying decisions, discreditable to the administration of justice. For these reasons the entire claim should not be severed and the petition allowed.
Motion granted.