Mary L. LONG, Appellee,

v.

Bill DeGEER, Appellant.

No. 65964.

Supreme Court of Oklahoma.

Oct. 27, 1987.

Rehearing Denied May 3, 1988.

Pray, Walker, Jackman, Williamson & Marlar by J. Warren Jackman, and James F. Bullock, Tulsa, for appellee.

Moyers, Martin, Santee, Imel & Tetrick by John M. Imel, and John E. Rooney, Jr., Tulsa, for appellant.

LAVENDER, Justice:

On May 27, 1983, appellee Mary L. Long signed a Securities Account Agreement in

consideration of Kidder, Peabody & Co., Inc., opening and carrying a securities account for appellee. The agreement contained the following provision:

Arbitration of Controversies

Any controversy between us arising out of or relating to accounts of or transactions with or for me or to this agreement or the breach thereof shall be settled by arbitration in accordance with the rules of either the American Arbitration Association or the Board of Arbitration of the New York Stock Exchange, as I may elect. If I do not make such an election by registered mail addressed to you in your main office in New York City within five (5) days after demand by you that such election be made, then you may make such election on my behalf. Judgment upon any award rendered by the arbitrators may be entered in any court, state or federal, having jurisdiction.

On December 13, 1984, appellee brought an action in United States District Court for the Northern District of Oklahoma naming Kidder, Peabody as defendant. That action was based, inter alia, on allegations that appellee had been induced into the relationship with Kidder, Peabody by fraud and misrepresentation and that appellee had been damaged by Kidder, Peabody's fraudulent and/or negligent dealings regarding appellee's securities account.

The federal court, on April 25, 1985, entered an order staying appellee's claims based on alleged federal securities act violations and ordered the remainder of appellee's claims to be submitted to arbitration in accordance with the arbitration agreement.

■ On September 16, 1985, appellee brought the present action in Tulsa County District Court naming appellant Bill De-Geer as sole defendant. Appellant, as a

stockbroker employee of Kidder, Peabody, had dealt with appellee from the initiation of her dealings with Kidder, Peabody, and had handled the transactions involving her securities account. Appellee's petition before the state court alleged that appellant had fraudulently induced her into the securities account agreement and had subsequently caused her damages from the fraudulent and/or negligent handling of her securities account. Appellant moved the trial court for an order compelling appellee to submit her complaints to arbitration in compliance with the provisions of the securities account agreement. The trial court denied the motion to compel arbitration and appellant appealed from that order.[1]

The courts generally look with favor upon arbitration provisions as a shortcut to substantial justice with a minimum of court interference.[2] Appellee argues that the arbitration clause of this contract should not be given effect for two reasons: one, that it would be against public policy; and two, that appellant should not be given the benefit of the arbitration provisions as he was not a signatory to the securities account agreement.

■ We address the second argument first. Appellee appears to base this argument on the premise that there is no contractual relationship existing between appellee and appellant as a result of the securities account agreement. Appellee's pleadings, however, indicate that the basis for the action against appellant was the existence of the securities account agreement and appellant's handling of appellee's securities account. In this regard appellant clearly acted as the agent of Kidder, Peabody, both in securing appellee's account initially and in the later handling of that account. Appellee was at all times clearly aware of the agency relationship as evidenced by her initial federal suit against

---

**1.** The denial of a motion to compel arbitration is directly appealable pursuant to 15 O.S. 1981 § 817(A)(1) and Rule 1.60(i), 12 O.S.Supp.1984, Ch. 15, App. 2.

**2.** *Association of Classroom Teachers v. Independent School Dist. #89,* 540 P.2d 1171, 1176 (Okla.1975).

Kidder, Peabody in which she characterized appellant as the agent of Kidder, Peabody.

The arbitration agreement here provided for arbitration of disputes arising out of or relating to the account or transactions concerning the account. The present action clearly lies within the ambit of the arbitration provision. The question of whether the nonsignatory agent handling matters within the scope of the arbitration agreement should be allowed to bring questions concerning those matters into arbitration under the agreement under facts similar to the present situation has been consistantly answered in the affirmative.[3]

■ The language used in the arbitration clause to the effect that it applies to any controversy arising out of the account or transactions on the account is clearly broad enough to embrace disputes founded in tort as well as contract as long as the disputes have their roots in the relationship created by the contract.[4] The relationship between the parties here is governed by ordinary contract and agency principles.[5] The fact that appellee recognized that appellant was acting at all times as an agent of Kidder, Peabody in the creation of the account and in the transactions on that

account is clearly indicated by the facts pled in appellee's complaint in federal court. As appellant's actions alleged to be wrongful clearly arose out of the existence of the relationship created by the securities account agreement, the dispute regarding those actions is within the scope of the agreement to arbitrate.

■ Appellee also argues in this regard that the agreement to arbitrate is a waiver of a right to jury trial and as such there must be evidence of a clear intent to waive such right. The agreement in this instance, on its face, evidences a clear intent to submit any controversy between appellee and Kidder, Peabody, arising out of the existence of the account or out of transactions on the account, to arbitration. Appellee now argues that her agreement does not extend to actions taken by appellant as an employee of Kidder, Peabody, although she acknowledges that Kidder, Peabody could take no actions on her account except through its employees. We find this argument to be illogical.[6]

■ The other argument presented by appellee in this appeal asserts that it would be against public policy to allow appellant

---

3. *Berman v. Dean Witter & Co., Inc.*, 44 Cal.App. 3d 999, 119 Cal.Rptr. 130 (1975); *Merrill Lynch, Pierce, Fenner and Smith, Inc., v. Melamed*, 453 So.2d 858 (Fla.Ct.App.1984); *Paine, Webber, Jackson & Curtis, Inc., v. McNeal*, 143 Ga.App. 579, 239 S.E.2d 401 (1977); *Dunay v. Weisglass*, 54 N.Y.2d 25, 444 N.Y.S.2d 573, 429 N.E.2d 92 (1981); *Starr v. O'Rourke*, 5 Misc.2d 646, 159 N.Y.S.2d 60 (1957). The authorities cited by appellee as contrary to this result are distinguishable on their facts. *Property Management, Ltd. v. Howasa, Inc.*, 14 Ill.App.3d 536, 302 N.E. 2d 754 (1973) (involved lease agreement between plaintiff and a subsidiary of party defendant asserting arbitration, where lease agreement had been entered into between plaintiff and subsidiary acting in its own behalf.); *Computer Corp. of America v. Zarecor*, 16 Mass.App. 456, 452 N.E.2d 267 (1983) (defendants seeking arbitration had denied being bound to contract containing arbitration clause in their answer to complaint.) *Board of Education of Meridian v. Meridian Education Asso.*, 112 Ill.App.3d 558, 68 Ill.Dec. 220, 445 N.E.2d 864 (1983) (association could not compel arbitration on behalf of subgroup of members where that subgroup was not covered by agreement containing arbitration

clause); *Belobradich v. Sarnsethsiri*, 131 Mich. App. 241, 346 N.W.2d 83 (1983) (terms of agreement signed by plaintiff only extended to those signatory to agreements at time of signing, leaving defendant who signed agreement at later date without recourse to arbitration).

4. *Berman v. Dean Witter & Co., Inc.*, supra note 3.

5. See *Oriental Commercial and Shipping Co., Ltd., v. Rosseel, N.V.*, 609 F.Supp. 75 (S.D.N.Y. 1985); *Hartford Financial Systems, Inc., v. Florida Software Services, Inc.*, 550 F.Supp. 1079 (D.Maine 1982).

6. Appellee also argues that appellant's position is no different than a janitorial employee of Kidder, Peabody who has robbed the company safe and stolen funds belonging to appellee. This argument is entirely specious. Such actions as hypothesized by appellee would not constitute a controversy arising out of the existence of the securities account or transactions on that account.

**1330**

to enforce the arbitration agreement. This argument appears to be founded on a belief that appellee may not attain a just result through arbitration. The assertion of this belief, however, is directly contrary to this Court's acknowledgment of the arbitration process as an avenue to substantial justice.[7] Appellee also fails to support this supposed belief with logical argument as to why arbitration would not provide an adequate remedy for her complaints.[8] Further, an award made in arbitration is subject to review by the courts to assure the impartiality of the arbitrators and to assure that the arbitration proceedings were fairly conducted.[9] Appellee's argument that public policy should not allow appellant to rely on the arbitration provisions is unpersuasive.

The order of the trial court denying appellant's motion to compel arbitration is *REVERSED*. The cause is *REMANDED* to the trial court for the entry of an order compelling arbitration in accordance with 15 O.S. 1981 § 803(A).

DOOLIN, C.J., HARGRAVE, V.C.J., and SIMMS, OPALA and SUMMERS, JJ., concur.

KAUGER, J., concurs in part, dissents in part.

HODGES and WILSON, JJ., dissent.

OPALA, Justice, concurring.

Under Oklahoma's Constitution, Art. 23 § 8,[1] express or implied *contractual* waivers of a *constitutional right* appear to be unenforceable.

If Mary Long's arbitration agreement now in suit were to be construed as an implicit waiver of her fundamental right to a trial by jury, then, under the cited provisions of this state's fundamental law, her promise might be avoidable.

The arbitration clause sought to be enforced against Mary Long appears to be governed by the laws of the State of New York. The contract she signed so recites and she claims *no* infirmity in that clause. Nor does she argue here that her arbitration agreement is unenforceable as violative of some public policy principle espoused by the law that governs the parameters of her contractual promise.[2]

Because I cannot conclude that Mary Long's arbitration agreement is governed by Oklahoma law, I must concur in the court's judgment and in its opinion.

---

7. Supra, note 2.

8. Appellee's assertion that she was induced to enter into the securities account agreement by fraud is itself an arbitrable issue. *Prima Paint Corp. v. Flood & Conklin Mfg. Corp.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

9. 15 O.S.1981 §§ 812 (A)(2) and (4).

1. The terms of Art. 23 § 8, Okl. Const., provide:

"*Any provision of a contract, express or implied, made by any person, by which any of the benefits of this Constitution is sought to be waived, shall be null and void.*" [Emphasis added.]

2. See *Benham v. Keller*, Okl., 673 P.2d 152, 153 [1983].