2002 OK CIV APP 98

**Della K. GITGOOD, Plaintiff/Appellee,**

v.

**HOWARD PONTIAC–GMC, INC. d/b/a Bob Howard Auto Mall, Defendant/Appellant.**

**No. 96,544.**

Court of Civil Appeals of Oklahoma, Division 3.

May 10, 2002.

As Corrected on Denial of Rehearing June 7, 2002.

Certiorari Denied Oct. 1, 2002.

Jeff Hirzel, Guthrie, for Plaintiff/Appellee.

C. Craig Cole, C. Craig Cole & Associates, Oklahoma City, for Defendant/Appellant.

HANSEN, Presiding J.

¶ 1  Defendant/Appellant, Howard Pontiac, brings this appeal from an interlocutory order [1] of the district court of Logan County refusing to grant its motion to compel arbitration after the purchase of an automobile by Plaintiff/Appellee Della Gitgood.

¶ 2  On November 9, 2000, Ms. Gitgood purchased a used 2000 Chrysler Sebring from Howard Pontiac, signing a sales agreement reflecting a cost to Ms. Gitgood of $13,380.50, including an extended warranty. Ms. Gitgood tendered a cashier's check to Howard Pontiac for payment in full. Several days after delivery of the car, a Howard Pontiac salesperson called her and advised her the car had been undersold and she owed an additional $6,000. On November 24, an employee of Howard Pontiac approached Ms. Gitgood at work and demanded the $6,000 or return of the vehicle. On December 4, during the night, Howard Pontiac took the car from Ms. Gitgood's home.

¶ 3  On December 6, Ms. Gitgood filed a petition in district court seeking damages for trespass and conversion, asking for the price she paid for the car, or in the alternative for replevin of the car including costs and related expenses. She also sought replevin of Christmas gifts, her purse and other personal items she had left in the car.

¶ 4  Howard Pontiac filed its objection to the notice of replevin and order of delivery

---

**1.**  15 O.S.1991 § 817(A)(1), (B) and Rule 1.60(i),    Rules of the Supreme Court, 12 O.S. ch. 15, App.

out of time. At no time did anyone from Howard Pontiac suggest the matter be referred to arbitration prior to the instigation of this lawsuit.

¶ 5 On December 20, Howard Pontiac filed a motion to compel arbitration and stay the proceedings. At the hearing on Ms. Gitgood's prejudgment replevin, the trial court found the car was taken without authority and ordered its return to Ms. Gitgood. The trial court stated it did not perceive the action as an action on the contract. "If it were and if the arbitration provision is what all parties should resort to, then Bob Howard should have resorted to arbitration, rather than taking possession of the vehicle."[2] Ms. Gitgood posted bond. Howard Pontiac posted a redelivery bond and continues to maintain possession of the vehicle.[3]

¶ 6 Pursuant to a hearing on April 23, 2001, regarding Howard Pontiac's motion to compel arbitration, the trial court issued its order overruling that motion on June 11, 2001. On that same date, it also issued specific findings of fact and conclusions of law reflecting its decision of December 15, 2000, ordering prejudgment delivery of the car to Ms. Gitgood. It is from this order Howard Pontiac takes its appeal.

¶ 7 The trial court's conclusions of law included, inter alia, the following:

The purchase agreement entered into between Plaintiff and Defendant on November 9, 2000, is unambiguous.

The purchase agreement of November 9, 2000, was fully and completely performed on November 13, 2000, by payment in full by Plaintiff to Defendant of the purchase price of the automobile which was the subject of the purchase agreement and the delivery of the automobile to Plaintiff.

Plaintiff was the owner of the automobile on the night of December 4, 2000, when the automobile was taken from her possession by Defendant.

This action does not involve the completely performed purchase agreement of November 9, 2000, and the arbitration provisions do not apply in this case.

That according to the probable merits of Plaintiff's petition Plaintiff is entitled to an order for prejudgment delivery of the automobile to her.

That the value of the automobile is $11,7000.00.

¶ 8 The purchase agreement contained the following clause:

Any controversy, claim or dispute between the Purchaser and the Dealer arising out of, or related to this sale and any financing contract or agreement executed by the Purchaser in conjunction with the sale of the vehicle described herein, or any alleged breach thereof, shall be submitted to binding arbitration with the American Arbitration Association pursuant to the Federal Arbitration Act, title 9 U.S.C. § 1 et seq. . . . . . . .

■ ¶ 9 On appeal, Howard Pontiac first claims this clause is broad enough to cover the dispute even though the plaintiff's allegations sound in tort rather than on the contract. It also argues it took the car before Ms. Gitgood commenced the court action; thus, it had not waived its right to seek arbitration.

¶ 10 Ms. Gitgood points out the contract was fully executed. All documentation was signed and the contract price paid. Ms. Gitgood drove the car home. At that point there was no contract to interpret. There was nothing remaining in the contract to arbitrate. The alleged conversion was not an allegation of breach of that contract.[4]

¶ 11 *Long v. DeGeer*, 1987 OK 104, 753 P.2d 1327 does hold that language similar to that in the purchase agreement is broad enough to embrace disputes founded in tort

---

2. Howard Pontiac filed an application to assume original jurisdiction in the Oklahoma Supreme Court in case # 96237 seeking a writ to force the trial judge to order arbitration. The Supreme Court denied the writ. Howard Pontiac also attempted to remove the matter to federal court, but that court remanded the case back to Logan County.

3. Other items that were in the car, including two credit cards and her driver's license and $700.00 in cash, have never been returned to Ms. Gitgood.

4. Ms. Gitgood suggests that if she thought she paid too much for the car, and brought it back to the dealer wanting money back, it is doubtful Howard Pontiac would seek arbitration.

as well as contract, as long as the disputes have their roots in the relationship created by the contract. However, in *Long* a contractual relationship did exist at the time arbitration was sought. Here, the contractual relationship between Howard Pontiac and Ms. Gitgood no longer was present when Howard Pontiac sought arbitration. Performance under the contract had been completed. Ms. Gitgood's action was strictly a tort action unrelated to the agreement.

¶ 12 Howard Pontiac calls our attention to the six factors Oklahoma courts have set out as evidencing a waiver of the right to arbitrate. *Booker v. Sumner* 2001 OK CIV APP 22, 19 P.3d 904; *Towe Hester & Erwin, Inc. v. Kansas City Fire and Marine Ins. Co.* 1997 OK CIV APP 58, 947 P.2d 594; *Northland Insurance Company v. Kellogg,* 1995 OK CIV APP 84, 897 P.2d 1161. It argues these factors are not met in this case. Although none of the cases suggest all of these listed factors need be satisfied to support a finding of waiver, we do not need to reach the problem of waiver. All the above cases involved an existing contract, not a completed one.

█ ¶ 13 Howard Pontiac has produced nothing to support its argument the agreement was intended to cover post contract conversion of the car after Ms. Gitgood had paid for it and driven it home. It is unclear what Howard Pontiac wishes to arbitrate. The contract is fully performed. Parties are not obligated to arbitrate disputes arising after a contract has expired. *Falcon Petroleum v. Panhandle Eastern Pipe Line Company,* 1990 OK CIV APP 9, 787 P.2d 1297. There is nothing left to arbitrate. The trial court did not err in overruling Howard Pontiac's motion to compel arbitration.

¶ 14 AFFIRMED

MITCHELL, J., concurs.

ADAMS, J., concurs specially.

¶ 15 I concur with the majority opinion, but write separately to identify an essential fact which the majority opinion does not discuss. As its only basis for its claim to the car in the face of the fully executed contract, Howard Pontiac contended that the agreement was a result of a mistake of fact, entitling it to rescind the transaction. This is no

dispute about the terms of the contract or its performance but about whether there was any meeting of the minds between these parties. If there was a mistake concerning price so that there was no contract, there can be no arbitration agreement as well. I do not regard this opinion as allowing a trial court to disregard an arbitration agreement on the basis that the contract had been fully performed where part of the dispute relates to whether the contract had been performed according to its terms.