2007 OK CIV APP 50

**GREEN TREE SERVICING, L.L.C.,**
Plaintiff/Appellant,

v.

Tommy Lee **FISHER,**
Defendant/Appellee,

and

Jim Moriarty, Curtis Fisher, and
Cindy Harcum, Defendants.

No. 103,542.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Feb. 27, 2007.

Certiorari Denied May 7, 2007.

Amy E. Hampton, Thomas D. Hird, Jason L. Glass, Jeffrey C. Baum, Richards & Conner, Tulsa, OK, for Plaintiff/Appellant.

Michael J. Rose, Michael J. Rose, PC, Oklahoma City, OK, for Defendant/Appellee.

DOUG GABBARD II, Presiding Judge.

¶ 1 Plaintiff, Green Tree Servicing, L.L.C. (Green Tree), appeals the trial court's denial of its motion to compel arbitration in a lawsuit it filed against Defendants, Tommy Lee Fisher (Fisher) and others, for the foreclosure of a note and security agreement. We affirm.

## BACKGROUND

¶ 2 On or about June 16, 2000, Fisher executed and delivered to Green Tree a promissory note and security agreement in the principal amount of $14,664.88, together with 16.86% interest thereon. As part of the agreement, Fisher granted Green Tree a security interest in a manufactured home. Thereafter, Green Tree perfected its security interest in the collateral.

¶ 3 The promissory note and security agreement contained the following clause:

**23. ARBITRATION:** All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration by one arbitrator selected by you with my consent. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code ... **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY YOU (AS PROVIDED HEREIN).** The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accordance with this agreement ... Notwithstanding anything hereunto the contrary, you retain an option to use judicial or non-judicial relief to enforce a security agreement relating to the collateral secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation or to foreclose on the collateral. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Agreement, including the filing of a counterclaim in a suit brought by you pursuant to this provision.

¶ 4 Fisher defaulted on the promissory note and security agreement by failing to make agreed payments. Thereafter, on October 14, 2003, Fisher filed a Chapter 7 bankruptcy action in the Western District of Oklahoma. A few months later, on June 14, 2004, Green Tree filed the present lawsuit seeking to foreclose its security interest and also seeking an *in rem* (but not *in personam*) judgment against Fisher in the amount of the note with interest.

¶ 5 On August 13, 2004, Fisher filed an answer and counterclaim to the lawsuit alleging the affirmative defenses of laches, estoppel, and lack of standing by Green Tree. Fisher also claimed that he was no longer in possession of the collateral and *disclaimed any interest therein.* Fisher alleged that he had surrendered the collateral in bankruptcy, that he had notified Green Tree that the home was located on real estate owned by Defendant Cindy Harcum, that Green Tree refused to remove it, and that Harcum had obtained title to the home when Green Tree failed to compensate her for storage fees. Fisher also alleged that Green Tree had made numerous telephone calls and contacts to his home and business regarding the property, in violation of the bankruptcy injunction and the Oklahoma Consumer Protection Act. He sought actual, punitive, and statutory damages for these violations.

¶ 6 On August 19, Green Tree filed a reply to Fisher's answer and counterclaim alleging that Fisher had failed to state a claim upon which relief may be granted, and that the counterclaim was subject to arbitration. On October 12, 2004, Green Tree filed a motion to compel arbitration. The motion was originally heard by the court on December 20, 2004, without a decision. The trial judge disqualified, and the case was not reassigned for almost one year. On April 21, 2006, Fisher moved to enter the case on the jury docket. Green Tree then moved to have the motion to compel reheard. On June 7, 2006, the trial court denied the motion to compel arbitration.

¶ 7 Green Tree now appeals.

## STANDARD OF REVIEW

■ ¶ 8 An order denying a motion to compel arbitration is an interlocutory order appealable by right. *Freeman v. Prudential Sec., Inc.,* 1993 OK CIV APP 65, ¶ 6, 856 P.2d 592, 594. We review the granting or denial of motions to compel arbitration *de novo. Towe, Hester & Erwin, Inc. v. Kansas City Fire & Marine Ins. Co.,* 1997 OK CIV APP 58, ¶ 4, 947 P.2d 594, 596. Under *de novo* review "an appellate court claims for itself plenary, independent, and non-deferential authority to re-examine a trial court's legal rulings." *Kluver v. Weatherford Hosp. Auth.,* 1993 OK 85, ¶ 19, 859 P.2d 1081, 1084.

## ANALYSIS

■ ¶ 9 There is a strong public policy favoring arbitration which is reflected in both state and federal statutory law. *12 O.S. Supp.2006 § 1857* (A); 9 U.S.C. § 2 (OCIS 2007); *Towe, Hester* at ¶ 24, 947 P.2d at 599. An agreement to arbitrate is usually treated as an affirmative defense. *Shaffer v. Jeffery,* 1996 OK 47, ¶ 6, 915 P.2d 910, 913. Where an arbitration clause is asserted, courts determine the validity and meaning thereof using general state-law principles of contract. Under the Federal Arbitration Act, however, any doubt as to the scope of arbitrable issues is resolved in favor of arbitration. *Wilkinson v. Dean Witter Reynolds, Inc.,* 1997 OK 20, ¶ 8, 933 P.2d 878, 879.

■ ¶ 10 In the present case, Green Tree's filing of a replevin action was specifically permitted by the arbitration clause, and did not constitute a waiver of its right to arbitration. Furthermore, the record does not support a conclusion that Green Tree waived arbitration by failing to timely invoke the clause as an affirmative defense. The motion was originally heard by the court within approximately two months of its filing. However, the original trial judge did not enter an order regarding the motion and later disqualified. The record submitted is not sufficient for us to allocate fault in the subsequent delay in ruling upon this motion. However, Fisher has not claimed prejudice from such delay. Therefore, we find no reason for the application of waiver, abandonment, or estoppel.

¶ 11 Nevertheless, Fisher claims that the trial court's action was proper, primarily for two reasons: *first,* the arbitration clause was not applicable to his counterclaim; and *second,* the arbitration clause was unenforceable due to unconscionability.

¶ 12 In his counterclaim, Fisher alleges that Green Tree made "numerous telephone calls" to his home and place of business regarding the property, all in violation of the Oklahoma Consumer Protection Act, 15 O.S.

2001 & Supp.2006 §§ 751–765, and the orders of the bankruptcy court.

■■■ ¶ 13 Under the federal Bankruptcy Code, there is no private cause of action for violation of a discharge injunction. 11 U.S.C. § 524 (OCIS 2007); *Nelson v. Providian Nat'l Bank (In re Nelson)*, 234 B.R. 528 (Bankr.M.D.Fla.1999). The remedy is one for contempt of court. *Reyes v. FCC Nat'l Bank (In re Reyes)*, 238 B.R. 507 (Bankr. D.R.I.1999). However, under the Oklahoma Consumer Protection Act, private causes are specifically authorized for unfair business practices and other violations of the Act. *15 O.S.2001 § 761.1; Patterson v. Beall*, 2000 OK 92, 19 P.3d 839. Unfair practices are defined at *15 O.S. Supp.2006 § 753* and include intentional charges to a consumer for products which the person knows were not authorized in advance by the consumer.

■■■ ¶ 14 Although Fisher's petition states a claim under the Oklahoma Consumer Protection Act, he has only provided general allegations upon which his claim is based. Fisher appears to allege that Green Tree attempted to collect money or property that was no longer due or in his possession, and to make telephone calls in a manner prohibited by the Oklahoma act. The issue, therefore, is whether this claim is within the class of "disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement" as provided in the arbitration clause. We find that it is not.

¶ 15 *Conseco Finance Servicing Corp. v. Wilder*, 47 S.W.3d 335 (Ky.Ct.App.2001), a case relied upon by Green Tree, involved a mobile home sales agreement with an arbitration clause similar to the one at issue in the instant case. According to Wilder, he immediately discovered manufacturing and installation defects in the home. He contacted Conseco and demanded repairs. When Conseco refused, Wilder stopped making payments. Conseco sued, Wilder counter-claimed, and Conseco invoked its right to arbitration. On appeal, the court stated:

> The Wilders' claims against Conseco are all based on Conseco's alleged breach of duties imposed by the contract itself or by

statutes—Kentucky's Consumer Protection Act, in particular—that are brought into play by virtue of the contract. The Wilders' claims, therefore, "relate to" the contract and thus are within the scope of the arbitration agreement.

*Id.* at 340.

¶ 16 Similar language was used by another division of this court in *Gitgood v. Howard Pontiac–GMC, Inc.*, 2002 OK CIV APP 98, 57 P.3d 875. There, the defendant sold a car to the plaintiff. The defendant later learned that it had undersold the vehicle, and it demanded additional payment or return of the vehicle from the plaintiff. When the plaintiff refused, the defendant repossessed the car. The plaintiff sued the defendant for trespass and conversion. The defendant raised arbitration as an affirmative defense, citing an arbitration clause in the sales contract. In upholding the trial court's refusal to enforce the arbitration clause, the court stated:

> *Long v. DeGeer*, 1987 OK 104, 753 P.2d 1327, does hold that language similar to that in the purchase agreement is broad enough to embrace disputes founded in tort as well as contract, *as long as the disputes have their roots in the relationship created by the contract. However, in Long, a contractual relationship did exist at the time arbitration was sought.* Here, the contractual relationship between Howard Pontiac and Ms. Gitgood no longer was present when Howard Pontiac sought arbitration. Performance under the contract had been completed. Ms. Gitgood's action was strictly a tort action unrelated to the agreement.
>
> . . .
>
> Howard Pontiac has produced nothing to support its argument the agreement was intended to cover post contract conversion of the car after Ms. Gitgood had paid for it and driven it home. It is unclear what Howard Pontiac wishes to arbitrate. The contract is fully performed. Parties are not obligated to arbitrate disputes arising after a contract has expired. *Falcon Petroleum v. Panhandle Eastern Pipe Line*

*Company,* 1990 OK CIV APP 9, 787 P.2d 1297. There is nothing left to arbitrate. *Id.* at ¶¶ 11 & 13, 57 P.3d at 875–76. (Emphasis added).

¶ 17 Here, acts giving rise to Fisher's cause of action are not based upon duties imposed by contract or statute that are brought into play by virtue of the contract or financing agreement as in *Conseco.* Green Tree's alleged attempt to improperly collect money or property that was no longer due from Fisher or in his possession occurred after the contractual relationship had been terminated by discharge in bankruptcy. Just as in *Gitgood,* the acts giving rise to the cause of action did not have their roots in the former contract, but in alleged behavior that occurred *subsequent* to the contract's termination, and which did not arise as a *natural consequence* of the contract.

¶ 18 We also find no reason to compel arbitration as to Green Tree's *in rem* action against Fisher. In his answer, Fisher specifically denies that he is in possession of the collateral or that he claims any interest therein. Therefore, as to the *in rem* action against Fisher, there is nothing to arbitrate.

¶ 19 Because of our findings regarding the applicability of the arbitration clause to Fisher's counterclaim, it is unnecessary for us to consider whether the arbitration clause is unconscionable.

## CONCLUSION

¶ 20 For the above and foregoing reasons, we find that the arbitration clause is not applicable to Fisher's counterclaim. Accordingly, the trial court's order denying Green Tree's motion to compel arbitration is hereby affirmed.

¶ 21 AFFIRMED.

REIF, J., and GOODMAN, J., concur.