2008 OK CIV APP 114

**Richard W. FREEMAN, Jr. and Katherine Freeman, Plaintiffs/Appellants,**

v.

**BODYWORKS, INC., an Oklahoma corporation, Defendant/Appellee.**

**No. 105,659.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 18, 2008.

Certiorari Denied Dec. 15, 2008.

Joe E. White, Jr., Charles C. Weddle, III, Clayton T. Gaddis, White & Weddle, P.C., Oklahoma City, OK, for Plaintiffs/Appellants.

Bruce V. Winston, Walker, Ferguson & Ferguson, Oklahoma City, OK, for Defendant/Appellee.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Plaintiffs/Appellants Richard Freeman, Jr. (Father or Richard) and Katherine Freeman (Daughter or Katie)(collectively "Appellants") filed a petition asserting negligence and breach of contract claims when their automobile was stolen from Defendant/Appellee Bodyworks, Inc.'s (Bodyworks) premises. Bodyworks answered and asserted the affirmative defense that Appellants had agreed that claims or controversies related to service and/or materials were required to be resolved by binding arbitration. Appellants filed a Motion to Enter the cause on the non-jury docket. Bodyworks objected and requested arbitration. The trial court entered an order compelling arbitration. We affirm.

¶ 2 Bodyworks' Objection to Motion to Enter on Non–Jury Docket, Motion to Compel Arbitration and Stay Proceedings, was accompanied with a copy of the repair contract signed by Katie September 14, 2007. Next to "Name" is written "Katie Freeman or Richard Freeman." A phone number is given for "home phone number" and for "work phone number" there is a notation "Richard's work" in parentheses. It is a one-page document and the final paragraph reads:

> Any controversy or claim arising under or in relation to the service and/or materials provided by Body Works, Inc. shall be settled by binding arbitration. Arbitration shall be held in Norman, Oklahoma in accordance with the laws and rules then in effect in the State of Oklahoma. The parties consent to the jurisdiction of Oklahoma and the parties hereby agree to share equally in the costs of said arbitration. The final arbitration decision shall be enforceable through the District Court of Cleveland County.

¶ 3 Appellants responded November 30, 2007, with the same arguments they present to this Court on appeal: (1) Richard, record owner of the auto, was not a signatory on the contract, and Katie had no authority to bind

her father to arbitration; (2) the arbitration agreement is an unenforceable contract of adhesion; and (3) any "repair" work expired when the car was stolen. Appellants attached as exhibits the Bodyworks repair contract and an Oklahoma Tax Commission certificate showing the car was titled in Richard.

¶4 "The courts generally look with favor upon arbitration provisions as a short-cut to substantial justice with a minimum of court interference." *Long v. DeGeer*, 1987 OK 104, 753 P.2d 1327, 1328. "We review an order granting or denying a motion to compel arbitration *de novo*, the same standard of review employed by the trial court." *Thompson v. Bar–S Foods Company*, 2007 OK 75, ¶9, 174 P.3d 567, 572. "Arbitration should be compelled unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.*

¶5 With respect to Appellants' first contention, the car's owner, Richard, authorized his daughter, Katie, to drive the car. The Petition alleges that Appellants tendered the car to Bodyworks, thereby acknowledging Katie's agency included authority to present it for repairs, and implicit in that agency is the authority to sign contracts relating to repairing the car. The contract, which stated that controversies or claims relating to service and/or materials were required to be settled by binding arbitration, was signed by Katie.[1] That is sufficient to bind the car's owner, who would benefit from the repairs and who has ratified the contract by suing for breach of contract. The trial court did not err when it granted Bodyworks' Motion to Compel Arbitration. There exists a valid arbitration agreement under the facts of this case.

¶6 Next, Appellants contend that the repair contract signed by Katie was a contract of adhesion, unconscionable and unen-

forceable because "... it simply defies logic to assume that by signing a routine informational form when she [Katie] brought the Firebird to the Defendant's shop for repairs, Katie Freeman intended to waive her rights to a trial (and those of her father) over the wholly unanticipated loss of the Firebird by theft due to the Defendant's negligence while the vehicle was being repaired."[2] However, "defying logic" is not a ground for reversal and adhesion contracts, although often annoying, are enforceable. *Bilbrey v. Cingular Wireless, L.L.C.*, 2007 OK 54, 164 P.3d 131, discusses an adhesion contract and unconscionability at length. In the end, the standard is very high. The facts in that case reveal that "[c]learly Bilbrey did not know the implications of the May 23, 2001, contract, and Cingular's agents, the attorneys in this lawsuit, did not realize he had signed it. It is equally clear that both Bilbrey and Cingular's agents were surprised by Bilbrey's signing a contract that could potentially result in the dismissal of a class action lawsuit that was currently being actively prosecuted by Bilbrey and vigorously defended by Cingular." *Id.* at ¶21, p. 136. The court concluded these facts showed the retroactive arbitration provision in the contract was unconscionable. An adhesion contract is a form contract the terms of which cannot be changed. *M.J. Construction Company v. Oklahoma Transportation Authority*, 2005 OK 87, 125 P.3d 1205. The fact here differ from those in *Bilbrey*.

¶7 In this case, contrary to Appellants' description of a "routine informational form," the document is a one-page contract in which the customer authorizes repair work, grants a limited power of attorney to negotiate insurance checks, and agrees to resolve controversies by arbitration. Appellants have failed to show that the repair contract is an unenforceable adhesion contract. There is no evidence that the repair contract was a

1.  "'Apparent authority' of an agent is the authority that the principal knowingly allows the agent to assume or that he holds the agent out as possessing." (Citation omitted.) *McIntosh v. Vector Properties, Inc.*, 1995 OK CIV APP 1, 889 P.2d 911, 913. Here, Father admits the agency of Daughter in the Petition. He only claims that Daughter could not enter into a repair contract with an arbitration clause. However, agency cannot be so limited once express or apparent authority is shown or admitted. As a result, Father, as principal, was bound by the contract Daughter signed and Father acknowledges and sues upon in asserting his claims.

2.  Appellants' Brief–In–Chief, p. 9.

"take it or leave it" contract, that Katie could not find a repair facility that did not require an arbitration agreement, or that she was not capable of understanding the agreement.

¶ 8 Finally, Appellants claim that any repair contract that existed had expired upon the theft of the auto from Bodyworks because the contract was for repair work to the car. Once the car was no longer in the possession of Bodyworks, repair was impossible, thus no contract for repair existed. However, the arbitration clause is for any "controversy or claim arising under or in relation to the service and/or materials provided." It would seem incongruous to argue that the repair contract only required the repair of the vehicle, but not the return of the vehicle.[3] Consequently, whether the auto is *in situ* is not relevant to the question of whether the trial court committed error in granting the Motion to Compel Arbitration. Appellants cite *Gitgood v. Howard Pontiac–GMC*, 2002 OK CIV APP 98, 57 P.3d 875 as support, but in that case, the arbitration agreement was irrelevant to the parties' dispute because the contract had been fully performed. The holding in *Gitgood* does not apply to the facts in this case.

¶ 9 For the reasons stated, upon *de novo* review, we AFFIRM the trial court's grant of the Motion Compelling Arbitration.

MITCHELL, V.C.J., concurs, and BELL, J., dissents.

---

**3.** "The language used in the arbitration clause to the effect that it applies to any controversy arising out of the account or transactions on the account is clearly broad enough to embrace disputes founded in tort as well as contract as long as the disputes have their roots in the relationship created by the contract." *Long v. DeGeer,* 1987 OK 104, 753 P.2d 1327, 1329. We also note that Appellants' Petition included a breach of contract claim alleging: "15. Defendant contracted with Plaintiffs to repair Plaintiffs' automobile *and return it* in a workmanlike and reasonable manner."