HOWELL'S WELL SERVICE v. FOCUS GROUP ADVISORS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HOWELL'S WELL SERVICE v. FOCUS GROUP ADVISORS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HOWELL'S WELL SERVICE v. FOCUS GROUP ADVISORS
2021 OK 25
Case Number: 117804
Decided: 05/18/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 25, __ P.3d __

 

 

HOWELL'S WELL SERVICE, INC., an Oklahoma Corporation; D. ROBINSON; C. ROBINSON; SHERMAN JACQUESS; and JACK KLECKNER, Plaintiffs/Appellees,
and
LEROY BURROWS and BARBARA BURROWS, Plaintiffs,
v.
FOCUS GROUP ADVISORS, LLC, an Oklahoma Limited Liability Company; JON NETTLES; and DANIEL VISE, Defendants/Appellants,
and
BARTNET, LLC, an Oklahoma Limited Liability Company; THE PROPERTY SHOPPE, INC., an Oklahoma Corporation; LARRY JOE DEARMAN; HOMER FITZGERALD; and MARYA GRAY, Defendants.

ON CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION III

¶0 Plaintiffs/Appellees filed suit alleging various claims stemming from the parties' investment relationships. Nearly seventeen months after they filed their answer in which they omitted arbitration as an affirmative defense, Defendants/Appellants moved to compel arbitration pursuant to the parties' agreements. Very little case activity involving Defendants/Appellants had taken place during that time. In an opinion released for publication, the Court of Civil Appeals, Division III, affirmed the trial court's denial of the motion to compel. The Court of Civil Appeals held that Defendants/Appellants waived any right to arbitration by failing to raise it in their answer. Defendants/Appellants sought, and this Court granted, certiorari.

CERTIORARI PREVIOUSLY GRANTED;
OPINION OF THE COURT OF CIVIL APPEALS WITHDRAWN;
JUDGMENT OF THE TRIAL COURT REVERSED.

Brad E. Hilton and Audra A. Drybread, Hilton Law Office, Skiatook, Oklahoma, for Howell's Well Service, Inc., D. Robinson, C. Robinson, Sherman Jaquess, Jack Kleckner, Leroy Burrows and Barbara Burrows.

Robert J. Bartz and Joe M. Fears, Barber & Bartz, Tulsa, Oklahoma, for Focus Group Advisors, LLC, Jon Nettles and Daniel Vise.

WINCHESTER, J.

¶1 We granted certiorari to address this first impression issue of whether the right to compel arbitration is waived when it is not raised as an affirmative defense in a responsive pleading. As discussed further herein, we hold it is not. Additionally, because we did not deem the failure to raise the arbitration defense in their answer fatal to the motion to compel, we must also address whether other factors exist which would constitute a waiver of the right. After balancing the facts in this matter as a whole, we find no waiver.

BACKGROUND

¶2 This controversy has its origin in investment relationships between the parties and the formal agreements pertaining to those relationships. Plaintiffs/Appellees are all investors and Defendant Focus Group Advisors, LLC is an investment advisory firm of which Defendants Nettles and Vise are members (Defendants/Appellants).[1] The remaining Defendants/non-Appellants are not a party to this appeal. The various claims pled by Plaintiffs/Appellees are not relevant to the issue herein which solely concerns the applicability of the arbitration provisions in the parties' agreements and the facts surrounding the request to enforce the right to arbitration.

¶3 Plaintiffs/Appellees filed suit on May 2, 2013, and over the course of the next twenty months, filed several amended petitions. After filing the initial petition, Plaintiffs/Appellees waited more than seventeen months before issuing summons on Defendants. Defendants/Appellants filed an entry of appearance and answer on February 12, 2015. Although the formal investment advisory agreements between the parties included arbitration provisions, Defendants/Appellants did not raise this fact in their answer.

¶4 Over the next seventeen months, very little activity occurred in the case until Defendants/Appellants filed a motion to compel arbitration and stay the case. None of the minimal case activity to date had been initiated by or involved Defendants/Appellants.[2] After the filing of the motion to compel arbitration, Plaintiffs/Appellees requested a scheduling conference which was set but later stricken and the case was stayed in order to allow the parties to pursue mediation. The mediation proved unsuccessful and the case sat dormant for nearly two years until Plaintiffs/Appellees filed a request for status conference. At the conference, the trial court set a briefing schedule for the motion to compel arbitration.[3] Thereafter, the trial court held hearings on the motion to compel before denying the motion by order. The trial court held: (1) Defendants/Appellants waived the right to seek arbitration by not raising it as an affirmative defense in their answer; and (2) the late assertion of the right would be prejudicial to Appellees.

¶5 Defendants/Appellants appealed and the Court of Civil Appeals (COCA), Division III, affirmed the trial court's denial of the motion to compel arbitration. In its ruling, COCA relied solely on 12 O.S.Supp.2014, § 2008(C), which provides that all affirmative defenses must be raised in a defendant's responsive pleading and specifically enumerates "arbitration and award" as one such defense. Because Defendants/Appellants failed to raise the defense in their answer, COCA held the right to compel arbitration had been waived. COCA held this finding was dispositive of the case and, therefore, found it unnecessary to determine if there were other valid reasons for finding a waiver. Defendants/Appellants petitioned for, and this Court granted, certiorari.

STANDARD OF REVIEW

¶6 The trial court's denial of a motion to compel arbitration is to be reviewed de novo. Thompson v. Bar-S Foods Co., 2007 OK 75, ¶ 9, 174 P.3d 567, 572; Sparks v. Old Republic Home Prot. Co., 2020 OK 42, ¶ 14, 467 P.3d 680, 685. The determination of whether a party waived its right to compel arbitration is a mixed question of law and fact: "The review of whether the trial court applied the correct legal standards is a de novo review for correctness . . . while the review of the trial court's determination of the existence of facts supporting waiver is deferential in nature." Northland Ins. Co. v. Kellogg, 1995 OK CIV APP 84, ¶ 5, 897 P.2d 1161, 1162.

DISCUSSION

¶7 Our courts recognize the strong public policy favoring arbitration of disputes. Okla. Oncology & Hematology, P.C. v. U.S. Oncology, Inc., 2007 OK 12, ¶ 13, 160 P.3d 936, 947. Arbitration agreements are statutorily allowed by Oklahoma's amended version of the Uniform Arbitration Act (OUAA), 12 O.S.2011, §§ 1851- 1881. Parties' agreements to bind themselves to mandatory arbitration are generally looked upon with favor as a shortcut to substantial justice with a minimum of court interference. Long v. DeGeer, 1987 OK 104, ¶ 5, 753 P.2d 1327, 1328.

¶8 Over the years, we have recognized that arbitration agreements are designed to preclude court intervention into the merits of disputes when arbitration has been provided for contractually and any doubts concerning the arbitrability of a particular dispute should be resolved in favor of coverage. See Voss v. City of Oklahoma City, 1980 OK 148, ¶ 5, 618 P.2d 925, 928; City of Muskogee v. Martin, 1990 OK 70, ¶ 8, 796 P.2d 337, 340. Although a party may waive its contractual right to compel arbitration, such waiver "is not easily inferred" and the party asserting waiver has a heavy burden of proof to overcome the strong presumption in favor of arbitration. Willco Enters., LLC v. Woodruff, 2010 OK CIV APP 18, ¶¶ 15,19, 231 P.3d 767, 772; Hill v. Ricoh Ams. Corp., 603 F.3d 766, 775 (10th Cir. 2010).

¶9 Defendants/Appellants contend that COCA has (1) incorrectly decided a question of substance not previously determined by this Court and (2) has issued a published decision in conflict with a prior published decision made by the same division, Willco Enterprises, LLC v. Woodruff, 2010 OK CIV APP 18, 231 P.3d 767. See Okla. Sup. Ct. R. 1.178(a), 12 O.S.Supp.2019, ch. 15, app. 1. Specifically, Defendants/Appellants argue: (1) Section 1856(A) of the OUAA requires the right to compel arbitration to be raised by motion and COCA erroneously relied upon 12 O.S.2011, § 2008 to find waiver; and (2) Plaintiffs/Appellees failed to meet their burden of proving Defendants/Appellants' actions in the underlying litigation weigh in favor of waiver.

I. Arbitration as an Affirmative Defense

¶10 In support of their right to compel arbitration by motion, Defendants/Appellants contend that there is no requirement under the OUAA that arbitration must be raised in a responsive pleading. Instead, Defendants/Appellants point to § 1856(A) of the OUAA which specifically states that "an application for judicial relief under the Uniform Arbitration Act must be made by application and motion to the court and heard in the manner provided by law or rule of court for making and hearing motions." 12 O.S.2011, § 1856(A).

¶11 COCA countered this contention with the Oklahoma Pleading Code provisions governing affirmative defenses which provide that when "pleading to a preceding pleading, a party shall set forth affirmatively" any of the affirmative defenses enumerated in § 2008. 12 O.S.Supp.2014, § 2008. COCA contends that § 2008(C)(2) specifically delineates "arbitration and award" as an affirmative defense which must be pleaded and that § 2008(C)(20) provides a catch-all for defenses by providing for "[a]ny other matter constituting an avoidance or affirmative defense."

¶12 We agree with Defendants/Appellants that the reliance on § 2008 in this matter is misplaced. Even though we have not previously interpreted the statute as it relates to the "arbitration and award" provision, its nearly identical federal counterpart has been addressed. In Hill v. Ricoh Ams. Corp., 603 F.3d 766 (10th Cir. 2010), the Tenth Circuit conclusively found that the term "arbitration and award" means an affirmative defense that a claim has already been resolved by an award in arbitration, not whether the parties claims should be adjudicated in court or through arbitration. Thus, federal courts have held that the right to compel arbitration is not waived by the failure to assert it as a defense in the answer. Id. at 771 (citing Forms, Inc. v. Am. Standard, Inc., 550 F. Supp. 556, 557 (E. D. Pa. 1982) (party seeking arbitration did not waive its right to arbitrate by not raising it as a defense in its answer), aff'd, 725 F.2d 667 (3d Cir. 1983) (unpublished table decision); Mapes v. Chevron USA Prods. Co., 237 F. Supp.2d 739, 745 (S. D. Tex. 2002) (same); Lee v. Grandcor Med. Sys., Inc., 702 F. Supp. 252, 254 (D .Colo. 1988) (same); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1270, at 562 (3d ed. 2004) (arbitration-and-award provision in Rule 8(c)(1) applies only if "the dispute has already been resolved by an arbitration and award.")). 

¶13 Any other interpretation would contradict both the OUAA, which specifically provides for arbitration rights to be raised by motion (without mention of responsive pleadings) as well as Oklahoma's strong public policy favoring arbitration of disputes. COCA's interpretation herein is also contrary to the same division's prior decision in Willco, which specifically recognized that a party failed to raise the right to arbitrate as an affirmative defense in a responsive pleading yet did not waive the right. Willco Enters., LLC v. Woodruff, 2010 OK CIV APP 18, 231 P.3d 767. Moreover, because the Federal Rules of Civil Procedure also contain catch-all language for "any avoidance or affirmative defense," any reliance on Oklahoma's counterpart, to find waiver of arbitration is likewise misplaced. See 12 O.S.Supp.2014, § 2008(C)(20) (party shall set forth affirmatively "[a]ny other matter constituting an avoidance or affirmative defense"); Fed. R. Civ. P. 8(c) ("a party must affirmatively state any avoidance or affirmative defense"); Hill v. Ricoh Ams. Corp., 603 F.3d 766, 771 (10th Cir. 2010) (we have never required a defendant to raise the right to arbitrate in an answer or pre-answer motion). We thus find that the failure to raise the right to arbitration in an answer, although not encouraged as discussed further below, is not fatal to asserting the defense by motion as set forth under OUAA's § 1856(A).

II. Waiver's Balancing Test

¶14 Having established that the right to compel arbitration is not waived for failure to plead it as an affirmative defense, the only remaining question is whether Plaintiffs/Appellees carried their burden of proving that Defendants/Appellants waived their contractual arbitration rights. We find this burden unsatisfied under the facts of this case.

¶15 Under both the Federal and Oklahoma Arbitration Acts, there is, as previously mentioned, a strong presumption in favor of arbitration. Northland Ins. Co. v. Kellogg, 1995 OK CIV APP 84, ¶ 8, 897 P.2d 1161, 1162. While a party may waive its contractual right to arbitration, the party asserting waiver has the heavy burden to prove the existence of such waiver. Id. at ¶ 7. In Northland, the court, adhering to similar tests set forth in federal cases, formulated a balancing test to determine whether a party has waived its right to arbitration:

1. Whether a party has taken actions that are inconsistent with a right to arbitrate;

2. Whether the issue of arbitration was raised only after there had been significant preparation for litigation;

3. Whether the trial date is near or there has been a long delay in raising the issue of contractual arbitration rights;

4. Whether the party invoking the arbitration right has filed pleadings in the litigation without seeking a stay of the proceedings;

5. Whether the party seeking arbitration has engaged in discovery proceedings that are not available in arbitration or participated in other "important intervening steps"; [4] and

6. Whether the opposing party has been prejudiced by the delay.

Id. at ¶ 8; see also, Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1489 (10th Cir. 1994). We find this to be a good test for analyzing waiver of the right to arbitration.

¶16 In the instant case, the trial court found the delay of Defendants/Appellants in seeking to compel arbitration prejudicial to the Plaintiffs/Appellees: "[t]he Court notes that hundreds of pages into the first court file (there are now two files), it is difficult for the Court to conceive of a scenario where the late assertion of this request to change forums was not prejudicial to the [Plaintiffs/Appellees]." While there may very well have been hundreds of pages in the court file for the underlying case at the time Defendants/Appellants moved for arbitration, the trial court failed to mention that the only activity in those hundreds of pages pertaining to Defendants/Appellants was their answer.[5] In fact, until Defendants/Appellants moved to compel arbitration, the only pleadings of note in the file were a default judgment over Defendant/non-Appellant Homer Fitzgerald, a ninety year old stroke victim who failed to file an answer, and written discovery responses from Defendant/non-Appellant Marya Gray, a pro se prisoner--neither of whom are parties to this appeal.

¶17 Defendants/Appellants took no action inconsistent with their arbitration rights. There had been no discovery at all involving them and no important deadlines had yet been imposed by the trial court. Indeed, the only activity between Plaintiffs/Appellees and Defendants/Appellants was a mediation which took place after the motion to compel was filed. This out-of-court mediation for which the litigation was stayed--a fact which further exhibits Defendants/Appellants' desire to defend this case in an alternative forum--was unsuccessful.

¶18 Upon review of the record as a whole, it appears that Plaintiffs/Appellees' conduct demonstrates a pattern of delay even more so than Defendants/Appellants. Plaintiffs/Appellees allowed more than nineteen months to pass between their first petition and the service of summons on Defendants/Appellants issued with a third amended petition. Plaintiffs/Appellees then allowed seventeen additional months to pass before requesting the case's first scheduling conference, only after Defendants/Appellants had filed their motion to compel arbitration. The requested conference was shortly thereafter stricken to allow the parties to pursue mediation. After this mediation proved unsuccessful, nearly two more years passed before Plaintiffs/Appellees elected to lift the stay in the case and request a status conference.

¶19 While it is true Defendants/Appellants could have raised their right to compel arbitration in a more-timely manner, Plaintiffs/Appellees have failed to prove that this delay caused them any harm as required by the Northland test. Although it is not a practice we would encourage, many courts have found that the mere passage of time without a showing of resulting prejudice does not amount to a waiver of arbitration rights under applicable law. Willco Enters., LLC v. Woodruff, 2010 OK CIV APP 18, ¶ 32, 231 P.3d 767, 777; see also Hill v. Ricoh Ams. Corp., 603 F.3d 766, 775 (10th Cir. 2010) (length of time in itself does not establish waiver).

¶20 Applying a balancing test similar to that of the Northland test, the Tenth Circuit, in BOSC, Inc. v. Board of County Commissioners of County of Bernalillo, 853 F.3d 1165, 1174-75 (10th Cir. 2017), found no waiver of the arbitration right. In BOSC, the plaintiff was the party seeking to arbitrate after having dismissed its state court case. The court found that the plaintiff "took some actions inconsistent with its right to demand arbitration" by filing a state court action involving the claims it sought to arbitrate as well as filing a response to the defendant's motion to dismiss. Id. at 1175. Nevertheless, the court held that the plaintiff did not go so far as to voluntarily submit its claims to a court for relief because it had not served the defendants and dismissed the case before the court could rule on the motion to dismiss. Id. Further, no trial date or other deadlines had been set by the court and very little case activity, including no discovery, had yet occurred. Id. Likewise, in Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102 (2d Cir. 2002), the Second Circuit recognized a long line of cases where delay alone is insufficient to overcome the presumption in favor of arbitration, and found that such delay must be accompanied by substantial motion practice or discovery or other evidence of excessive cost to the challenging party. Id. at 105 (citing, e.g., Shearson Lehman Hutton, Inc. v. Wagoner, 944 F.2d 114, 122 (2d Cir. 1991) (no waiver even though defendant did not raise arbitration after knowing about his rights for three years); Thomas v. A.R. Baron & Co., 967 F. Supp. 785, 789 (S.D.N.Y. 1997) (no waiver despite a year-and-a-half delay); Acquaire v. Canada Dry Bottling, 906 F. Supp. 819, 830 (E.D.N.Y. 1995) (no waiver of arbitration where three-year delay was mostly due to motions presented by the plaintiff)); see also, J & S Constr. Co. v. Travelers Indem. Co., 520 F.2d 809, 809--10 (1st Cir. 1975) (thirteen-month delay after suit filed); Walker v. J.C. Bradford & Co., 938 F.2d 575, 577 (5th Cir. 1991) (thirteen-month delay did not require waiver where minimal discovery conducted and no case deadlines set).

¶21 The instant matter reflects an even less compelling case for waiver. After reviewing the record as a whole and weighing the Northland factors, we find a resulting lack of prejudice to Appellees. Northland Ins. Co. v. Kellogg, 1995 OK CIV APP 84, ¶ 8, 897 P.2d 1161, 1162. Prior to raising their right to arbitrate this matter, the record is devoid of any litigation activity involving Defendants/Appellants other than a responsive answer. Defendants/Appellants had not taken any meaningful steps to encourage litigation of this case in court and their only proactive pleading was their motion to compel arbitration. No discovery had been taken or exchanged, no dates for trial were in place and a scheduling order had not been entered at the time of Defendants/Appellants' motion to compel. As such, and in light of multiple lengthy delays of their own, we decline to find that Plaintiffs/Appellees were materially prejudiced by the delay in the motion to compel arbitration. Defendants/Appellants' motion to compel should have been granted.

CONCLUSION

¶22 We resolve today's first impression issue with a finding that Oklahoma's pleading statutes do not require a party to plead the right to arbitration in a responsive pleading. Here, Defendants/Appellants' motion to compel arbitration met the statutory requirements of the OUAA. This finding, however, did not end our analysis because Oklahoma law provides that a party may waive their right to arbitration even when properly requested. After conducting an examination of the pertinent facts herein, we conclude Plaintiffs/Appellees failed to satisfy their burden of proof on the issue of waiver of the right to arbitration. Accordingly, the judgment of the trial court is reversed.

CERTIORARI PREVIOUSLY GRANTED;
OPINION OF THE COURT OF CIVIL APPEALS WITHDRAWN;
JUDGMENT OF THE TRIAL COURT REVERSED.

CONCUR: Darby, C.J., Winchester, Edmondson, Gurich, and Rowe, JJ., Reif, S.J., and Wiseman, S.J.

DISSENT: Kauger and Combs, J.J.

DISQUALIFIED: Kane, V.C.J.

FOOTNOTES

[1] Plaintiffs include Howell's Well Service, Inc., D. Robinson, C. Robinson, Sherman Jacquess and Jack Kleckner (collectively, Plaintiffs/Appellees), along with non-Appellees, Leroy and Barbara Burrows (the Burrows). Defendants are Focus Group Advisors, LLC, Jon Nettles, and Daniel Vise (collectively, Defendants/Appellants), as well as non-Appellants, Bartnet, LLC, The Property Shoppe, Inc., Larry Joe Dearman, Homer Fitzgerald, and Marya Gray.

[2] In fact, the only activity at all included a default judgment over Defendant/non-Appellant Fitzgerald who did not file an answer, and written discovery from Defendant/non-Appellant Gray, a prisoner.

[3] In the meantime, Defendants/Appellants filed a motion for summary judgment against the Burrows. The agreements Defendants/Appellants held with them did not contain arbitration provisions and, thus, were not subject to the motion to compel previously filed against Plaintiffs/Appellees.

[4] After Northland was published, the Oklahoma Legislature revised the OUAA, granting arbiters broad discovery-related powers so that parties to arbitration are no longer at a discovery disadvantage. See 12 O.S.2011, § 1868. Thus, later cases have found it no longer necessary to weigh the Northland test's fifth factor regarding discovery. See, e.g., Willco Enters., L. L. C. v. Woodruff, 2010 OK CIV APP 18, ¶ 19, 231 P.3d 767, 773-74. Accordingly, we will not consider this defunct, fifth factor.

[5] Contributing to the size of the court file was Defendants/Appellants motion for summary judgment against the Burrows. As mentioned previously, the Burrows did not have arbitration provisions in their agreements with Defendants/Appellants and this appeal does not pertain to them. The Burrows case against Defendants/Appellants can only proceed in court. Therefore, any litigation activity pertaining to the Burrows cannot be weighed against Defendants/Appellants as action inconsistent with their right to arbitrate the claims of Plaintiffs/Appellees. Moreover, the motion for summary judgment was filed after the filing of the motion to compel arbitration.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1995 OK CIV APP 84, 897 P.2d 1161, 66 OBJ 2173, Northland Ins. Co. v. Kellogg
Discussed at Length
 2010 OK CIV APP 18, 231 P.3d 767, WILLCO ENTERPRISES, LLC v. WOODRUFF
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 104, 753 P.2d 1327, 58 OBJ 3063, Long v. DeGeer
Discussed
 1990 OK 70, 796 P.2d 337, 61 OBJ 1928, City of Muskogee v. Martin
Discussed
 2007 OK 12, 160 P.3d 936, OKLAHOMA ONCOLOGY & HEMATOLOGY P.C. v. US ONCOLOGY, INC.
Discussed
 2007 OK 75, 174 P.3d 567, THOMPSON v. BAR-S FOODS COMPANY
Discussed
 1980 OK 148, 618 P.2d 925, Voss v. City of Oklahoma City
Discussed
 2020 OK 42, 467 P.3d 680, SPARKS v. OLD REPUBLIC HOME PROTECTION CO. INC.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1851, Short Title
Cited
 12 O.S. 1856, Notice of Initial Application for Judicial Relief and Motion to Court Under the Uniform Arbitration Act
Cited
 12 O.S. 1868, Subpoenas - Depositions - Discovery - Protective Orders - Enforcement by Court
Cited
 12 O.S. 2008, General Rules of Pleading
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA